GEORGE GRIFFIN *v.* MORRIS C. FANCHER.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued February 4—decided May 8, 1941.

*John E. Gallivan,* for the appellant (defendant).

*Jay E. Rubinow,* for the appellee (plaintiff).

ELLS, J. The question is whether the owner of a registered dog may maintain an action for damages against one who unintentionally but negligently kills or injures the animal.

A preliminary issue requires brief discussion. The defendant claims that the subordinate facts found do not reasonably support the trial court's conclusions as to negligence and proximate cause. The defendant, while driving his automobile at a reasonable speed on his right hand side of Woodland Street in Manchester, ran over and killed a dog standing on the shoulder of

the road at the edge of the traveled portion. The defendant did not see the dog and was unaware of its presence until he felt a bump caused by the right wheel or wheels of his car passing over it. The dog belonged to the plaintiff, was duly licensed, and was worth $100. We cannot say, upon the facts found, that the court was in error in concluding that the defendant was negligent in failing to maintain a proper lookout and in failing to observe the dog, and that such negligence was the proximate cause of the death of the animal.

The plaintiff claims he has a right of action both at common law and by statute. We have had many cases involving injuries by dogs, but none having to do with negligent injury to a registered dog. In *Dickerman* v. *Consolidated Ry. Co.* (1907) 79 Conn. 427, 429, 65 Atl. 289, the plaintiff claimed he had such a property in an unregistered dog at common law that he could maintain an action for its negligent injury. The trial court sustained this claim, but we held the decisive question was not what property in dogs their owners or keepers formerly had under the common law, but what property rights in them are recognized and protected by our present law, which upon these questions was largely statutory; that because existing statutes required dogs over six months old to be registered, and made unregistered dogs outlaws by making it a misdemeanor to keep or harbor them, required selectmen to search them out and prosecute those owning and harboring them, and provided that they could be killed by any constable or policeman, no person has such property in them as would enable him to maintain an action for their value against one who unintentionally but negligently kills them. In that case we were dealing with the negligent killing of an unregistered dog and did not found our decision upon common law principles. We did say (p. 431) that: "Although at com-

mon law the stealing of a dog was regarded as such an invasion of a property right as would amount to a civil injury, redressible by a civil action (2 Bl. Comm. 393), it may be questioned whether one who through mere negligence killed a dog was liable to the owner in damages, or whether the provisions of our present statute rendering one liable, both civilly and criminally, for stealing, confining, secreting or unlawfully killing or injuring a registered dog were intended to apply to any other than a wilful or wanton killing or injuring." There the status of the dog as property has rested until the present time, so far as decision by this court is concerned.

In 2 Am. Jur., Animals, § 7, it is stated: "At the present day, there exists a noticeable tendency to eliminate the inconsistencies of the old rules and, both in legislation and judicial decisions, to recognize a full and complete property in dogs"; and in § 93: "But it has been denied that he [the owner] could at common law maintain an action on the case for an unintentional, though negligent, destruction or injury, . . . though at the present time it is very well settled that such action or actions upon such theory are maintainable, provided the defendant's negligence is the proximate cause of plaintiff's loss." Among the many cited cases is *Lacker* v. *Strauss,* 226 Mass. 579, 116 N. E. 236, which holds flatly that at common law the owner of a dog, licensed or unlicensed, may maintain an action for damages for its wilful or negligent killing or injury. The Massachusetts court briefly discussed our *Dickerman* case, supra, in which the circumstances are dissimilar because of statute law.

Our common law is constantly in process of gradual but steady evolution. Because of more enlightened modern conceptions of the nature of dogs as animals and their value and status as property, we now decide,

consonant with the weight of modern authority, that by our common law there is a right of action against one who negligently kills or injures them, at least if they are properly registered.

The remaining questions are whether our existing statutes also give such right of action, and if they do not, whether they change the common-law rule and preclude such right. In 1933 our legislature, in chapter 189, re-enacted and to a certain extent re-wrote our statute law concerning dogs. Provisions pertinent to this case require dogs over six months old to be registered and a license fee paid which shall be in lieu of any tax on dogs of the value of $100 or less; a dog warden may take into custody any dog not having a license tag or plate on its collar and impound it; after certain specified notice and under specified circumstances he may mercifully kill it. Section 1377c, Cum. Sup. 1935, as amended by § 1119e, Cum. Sup. 1939, reads as follows: "Any person who shall steal, confine or secrete any registered dog or any dog under the age of six months, or who shall maliciously remove the collar or harness or tag from any registered dog, or who shall unlawfully kill or injure any registered dog, shall be liable to the owner in a civil action, and shall be fined not more than two hundred dollars or imprisoned not more than six months or both." Thus the statute was put back into the form in which it had existed, in substance, since § 4481 of the Revision of 1902. Apparently first enacted in 1878 (Public Acts, 1878, Chap. 99, § 10), it then provided that any person who shall kill any dog properly registered "shall, unless such killing be justifiable, in the protection of life or property," be liable in a civil action "on this statute" for the value of the dog "and also be liable to prosecution," and be fined or imprisoned. This was amended,

Public Acts, 1897, Chap. 56, by adding "or injure" to "kill."

The plaintiff contends that the words "unlawfully kill or injure," as used in the present statute, apply to one who negligently kills or injures. Reading the statute in its entirety, and in the light of its history, we decide it should be regarded as within the rule of statutory construction that where general words follow a particular enumeration they are intended to apply only to matters of the same general character. *Brown* v. *Congdon*, 50 Conn. 302, 309; *Connecticut Mutual Life Ins. Co.* v. *Rogers*, 113 Conn. 14, 22, 154 Atl. 246. As "steal," "confine" and "secrete" imply at the least a conscious purpose, the word "unlawfully" should be given a similar content. See also *Dickerman* v. *Consolidated Ry. Co.*, supra, 431, as quoted above. We can only construe the word "unlawfully" as used in this statute as referring to conduct of a defendant which is wilful or at least so wanton as to be equivalent thereto.

There is a new and significant provision in our existing law. Section 1370c, Cum. Sup. 1935, provides: "All dogs are declared to be personal property and subject to larceny. License fees paid under the provisions of this chapter shall be in lieu of any tax on any dog of the value of one hundred dollars or less. Any person who shall steal a dog may be prosecuted under section 1377c or under section 6111." The second sentence re-enacts, verbatim, § 3345 of the General Statutes. The first and third sentences are new. Dogs are declared to be personal property and subject to larceny, and prosecution for stealing them may be based on our general statute concerning larceny of personal property. Although tied, to a certain extent, to larceny, this provision evidences a new legislative intent. It does not declare that dogs are personal property only for the purposes of a prosecution for larceny, but that

dogs are personal property, subject to taxes, or license fees in lieu of taxes, and are subject to larceny, just as is all other personal property. This interpretation is, as we have said above, in harmony with modern "legislation and judicial decisions." The contrary claim is that dogs have always been property of a "base" or limited kind, and that the effect of this new statute is only to declare that there is now a sufficient property right in dogs to make them subject to larceny; not that there is a complete property right sufficient to give an action for their negligent killing or injuring. This is too narrow a construction. Dogs are valuable, are subject to taxation, and stealing them is put on a par with the larceny of any other personal property; this substantial property right should be accorded the same protection as other species of property. In view of this legislative declaration, it would seem strange that a driver negligently injuring a dog worth $100 standing on the shoulder of the road would not be subject to an action for damages, but would be if he ran into a wheelbarrow. The propensity of dogs to roam is of significance, but is only a circumstance to be considered in deciding the question whether the injuring person was negligent.

It is contended that § 1377c, supra, is exclusive in that it gives a civil right of action only for unlawfully killing or injuring a registered dog, and that it does not give such action for negligently killing or injuring such dog. When, however, the legislature, in the provisions we have quoted from § 1370c of the Cumulative Supplement, 1935, recognized fully the right of property in dogs, we must assume that it intended to attach to that right the usual incidents for its protection, including a recovery of damages under circumstances where that would be permissible in the case of other kinds of personal property. In *Porpora* v. *New Haven,*

122 Conn. 80, 187 Atl. 668, we had before us a somewhat similar situation concerning the survival of an action for damages resulting from death and we held (p. 95) that even though an action based on a death due to a highway defect was not within the provisions of § 5987 of the General Statutes, it would survive by reason of the provisions of § 6030. So here, although the legislature re-enacted § 1377c concerning a recovery for the unlawful killing of a dog in the same chapter as that containing the provisions quoted from § 1370c, our conclusion is that even though an action for the negligent killing of a dog would not fall within the former, it is implicit in the latter.

The trial court's conclusion that the plaintiff could recover damages, under the facts of this case, for the negligent killing of his registered dog is correct.

There is no error.

In this opinion the other judges concurred.