ASSOCIATED GROCERS, INC. v. CITY OF NEW HAVEN

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued January 6—decided April 28, 1960

*John F. Scully,* with whom, on the brief, were *Joseph P. Cooney, Henry F. Cooney* and *Patrick J. Flaherty,* for the appellant (plaintiff).

*Harold M. Mulvey,* assistant corporation counsel, with whom, on the brief, was *George W. Crawford,* corporation counsel, for the appellee (defendant).

MURPHY, J. The plaintiff seeks reimbursement for taxes assessed by and paid to the city of New Haven on the grand list of 1956. The personal property upon which the assessment was levied was actually located in Wethersfield on June 1, 1956, the assessment date in New Haven. The case was submitted on an agreed stipulation of facts. Judgment was rendered for the defendant. The plaintiff has appealed.

The plaintiff is a co-operative association of retail grocers with its corporate office and principal place of business in Wethersfield. In 1955, it maintained a branch warehouse and office in New Haven. The merchandise and other personal property in that establishment were listed for taxation in New Haven on June 1, 1955, and the taxes thereon were duly paid. In January, 1956, the plaintiff discontinued its New Haven warehouse and removed the merchandise to Wethersfield. During June, 1956, it filed a sworn list of the property which it owned and which was liable to taxation on the first of that month in New Haven. That property was assessed

at $102,000 by the local assessors. Early in 1957, after receipt of the tax bill, the plaintiff wrote two letters to the collector of taxes in New Haven advising him of the removal of its property from New Haven in January, 1956, and that it had not had any taxable property in New Haven on June 1, 1956. In reply, the New Haven assessor stated that the property was liable to taxation in New Haven under the provisions of what is now General Statutes § 12-59, since the plaintiff had conducted its business in New Haven for more than seven of the twelve months preceding the assessment date. The plaintiff then instituted the present action for relief from a wrongful assessment, under the provisions of § 12-119. While the action was pending, the plaintiff paid the tax in three instalments. The trial court held that the plaintiff's commercial furniture, assessed at $2000, was taxable under § 12-59; that the merchandise, assessed at $100,000, represented the average amount of goods kept on hand in a trading or mercantile business for a portion of the year previous to June 1, 1956, and as such was taxable under § 12-58; and that the plaintiff had paid the tax voluntarily. The plaintiff assigns error in the conclusions of the court respecting the taxability of the merchandise and the voluntariness of the payment. The conclusion that the furniture was taxable is not in issue in this court.

The plaintiff buys groceries at wholesale for sale to its members, who are retail grocers. It therefore carries on a trading or mercantile business, the property of which is subject to assessment in the name of the owner or owners in the town in which the business is carried on. General Statutes § 12-58; *Jackson* v. *Union*, 82 Conn. 266, 270, 73 A. 773. As the nature of the business is such that merchandise

is constantly in transition, going into the warehouse and out to the customers, the assessed valuation of the fluctuating business inventory is the value of the average amount of goods kept on hand during the year prior to the assessment date or during the portion of the year during which the business was conducted. § 12-58. The plaintiff is a domestic corporation. As such, its property is subject to listing and taxation in the same manner as the property of individuals; § 12-59; and where its tangible personal property is so listed, it is not liable to taxation in any other town in this state. § 12-43. A stock of merchandise had been located in the New Haven warehouse for more than seven of the twelve months preceding the assessment date of June 1, 1956. As corporate personal property, it acquired a permanent location in New Haven for that tax year under the provisions of § 12-59, which defines "permanently located" as meaning located for any seven or more of the twelve months preceding the assessment day. The merchandise was listed properly and was liable to taxation in New Haven on June 1, 1956. See *Security Mills, Inc.* v. *Norwich,* 145 Conn. 375, 379, 143 A.2d 451.

There is no error.

In this opinion the other judges concurred.