BRIDGEPORT GAS COMPANY *v.* TOWN OF STRATFORD

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued December 14, 1965—decided January 13, 1966

*Daniel F. Wheeler* and *Raymond W. Beckwith,* for the appellant (plaintiff).

*Frederick L. Comley,* with whom was *Raymond E. Baldwin, Jr.,* for the appellee (defendant).

KING, C. J.   The plaintiff, a public utility company having its main offices in Bridgeport, is engaged in supplying gas to consumers in Bridgeport and other neighboring towns including Stratford. On October 1, 1960, it owned tangible personal property in Stratford consisting of that portion of its distribution system located in that town. This tangible personal property comprised mains, valves, regulators, meters and other components of the system.   Pursuant to § 12-80 of the General Statutes,[1] an assessment was made on this property. On appeal to the Stratford board of tax review the assessment was confirmed, and from that action an appeal was taken to the Court of Common Pleas. The court made some relatively minor reductions

---

[1] "Sec. 12-80.   PROPERTY OF UTILITY COMPANY TO BE TAXED WHERE LOCATED.   Real and tangible personal property owned by any company employed in the . . . transmission or distribution of gas . . . to be used for light, heat or motive power . . . shall be set in the list of each town where such property is situated on its assessment day and shall be liable to taxation at such percentage of its fair market value as is determined by the assessors under the provisions of sections 12-64 and 12-71. . . ."

in the total assessment, which are not involved in this appeal, and in other respects affirmed the action of the board of tax review.

The first step in reaching a correct assessment is to ascertain the fair value of the property in question on the assessment date. The terms actual valuation, actual value, market value, fair market value, market price and fair value are synonymous in the determination of the valuation of property for assessment purposes, but the term "fair value" is the preferable one. *Lerner Shops of Connecticut, Inc.* v. *Waterbury,* 151 Conn. 79, 85 n.3, 193 A.2d 472.

Since the court found that there had been no sales of comparable gas distribution systems in Connecticut, evidence of market value in its strict sense was not available, and it was proper to utilize other evidence of fair value. *Lerner Shops of Connecticut, Inc.* v. *Waterbury,* supra, 89; *Connecticut Light & Power Co.* v. *Monroe,* 149 Conn. 450, 453, 181 A.2d 118; *Underwood Typewriter Co.* v. *Hartford,* 99 Conn. 329, 337, 122 A. 91. The fair value arrived at in this case is really not in controversy except as to the element of interment costs, which comprise the cost of laying the pipes and other components in the streets, covering them over and replacing the pavement. See *Bridgeport Hydraulic Co.* v. *Stratford,* 139 Conn. 388, 396, 94 A.2d 1. The method of ascertaining fair value adopted by the court below, and, except for the element of interment costs, followed by the parties, was to find the original, or historical, cost of the Stratford portion of the system and to deduct depreciation in order to arrive at the fair value of the personal property on the assessment date. Seventy percent of this figure was taken as the assessment value, since this

was the uniform percentage applied in Stratford. See *Lerner Shops of Connecticut, Inc.* v. *Waterbury,* supra, 85.

The basic claim of the plaintiff on this appeal is that the court erred in not excluding from the original cost, prior to deducting the allowance for depreciation, the so-called interment cost. If the court could reasonably conclude as a fact that interment of the property would enhance its value in the eyes of a willing seller and a willing buyer, then it was an element which the court could properly take into account in arriving at the fair value of the property. See *Bridgeport Hydraulic Co.* v. *Stratford,* supra, 394. And this element of value should not be eliminated from consideration even though the absence of comparable sales precludes evidence of market value in its strict sense. *Bridgeport Hydraulic Co.* v. *Stratford,* supra, 397; *Connecticut Light & Power Co.* v. *Monroe,* supra.

Here there is no question that the personal property had been incorporated in the distribution system, and that much of it had been placed underground in a location suitable for its contemplated, and indeed actual, use. Thus the cost of placing the buried portions underground could properly be considered an element enhancing its value which a willing buyer of the system would consider in purchasing from a willing seller. *Bridgeport Hydraulic Co.* v. *Stratford,* supra.

Nor is this all. The plaintiff could not lawfully encumber the streets and sidewalks of Stratford with an aboveground installation of its gas distribution system. The plaintiff, or any potential buyer of its property, would obviously consider the cost of interring the pipe as an element enhancing its fair value as a distribution system. The plaintiff

quite properly admitted in oral argument that it did not claim that the phrase "tangible personal property . . . employed in the . . . transmission or distribution of gas" meant the scrap or salvage value of the disassembled piping and other components of its distribution system. If this were what was meant by the quoted phrase, and it obviously is not, to find fair value it might very likely be necessary to deduct from the value of the used pipe and other components, as they lay underground, the cost of disinterment and the disassembly of the system into lengths of used pipe and other used components and the cost of replacing the pavement after such disinterment. This would be so because, underground and interconnected, the components would not be in a location or condition reasonably suitable for their contemplated use as disconnected scrap components.

Incidentally, this discussion largely disposes of the claim of the plaintiff that the portion of its distribution system in Stratford would not be severable from the complete system and thus could not be independently operated without considerable change because of the fact that gas from the natural gas supplier is received in Bridgeport and a reserve supply is stored in Trumbull. If, and to the extent that, this fact would diminish the fair value of the personal property in Stratford, the burden of proof lay with the plaintiff. *Thaw* v. *Fairfield,* 132 Conn. 173, 179, 43 A.2d 65.

The plaintiff's own expert, John E. Housiaux, testified that he had never heard of excluding interment costs in arriving at fair market value before his employment on this case, that he was instructed to determine what dollar amount should be excluded from fair market value in order to reflect the por-

tion of the fair market value represented by interment costs, and that he had been instructed that under Connecticut law interment costs were to be excluded from fair market value. In the light of this testimony it is obvious that the plaintiff's own expert did not testify that interment costs should be excluded from fair value. Rather, he testified that if the proposition of law that such costs must be excluded is accepted as being correct, the fair amount to be excluded would be the amount to which he testified. There appears to be no real controversy as to the amount to be excluded for interment costs if any such exclusion should be made at all.

It is not entirely clear whether the plaintiff is claiming that interment costs should have been excluded by the court as a matter of fact or as a matter of law. The burden of proving the overassessment of the plaintiff's property rested on the plaintiff. *Thaw* v. *Fairfield,* supra. The court was entitled, as it did, to conclude as a fact that the fair value of the property, for the reasons stated, would be enhanced by the element of value properly represented by interment costs. *Bridgeport Hydraulic Co.* v. *Stratford,* 139 Conn. 388, 397, 94 A.2d 1.

If the plaintiff, in reliance upon the language of *Stamford Gas & Electric Co.* v. *Stamford,* 6 Conn. Sup. 505, 531, claims that as a matter of law interment costs were not an element of fair value for purposes of taxation under the statute, the claim is erroneous, and the court correctly rejected it.

It is unnecessary to discuss the other assignments of error.

There is no error.

In this opinion the other judges concurred.