LEVIN-TOWNSEND COMPUTER CORPORATION *v.* CITY OF HARTFORD

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued March 6—decision released June 4, 1974

*Richard M. Cosgrove,* deputy corporation counsel, with whom, on the brief, was *Alexander A. Goldfarb,* corporation counsel, for the appellant (defendant).

*Douglas A. Strauss,* with whom, on the brief, was *William B. Rush,* for the appellee (plaintiff).

BOGDANSKI, J. The plaintiff, the Levin-Townsend Computer Corporation, appealed to the board of tax review of the defendant, the city of Hartford, from the July 1, 1968, assessment of its personal property. The board refused to strike the assessed property from the grand list and the plaintiff appealed to the Court of Common Pleas. From the judgment sustaining the plaintiff's appeal the defendant has appealed to this court.

The parties have stipulated to the pertinent facts. On and before July 1, 1968, the plaintiff, a New Jersey corporation with its office in the City of New York, was engaged in the business of leasing com-

puter equipment. The plaintiff did not maintain an office or transact business in the state of Connecticut. On November 22, 1967, the plaintiff agreed to furnish to the Hartford Fire Insurance Company (Hartford Fire) computer equipment for use at its Hartford offices. The equipment was delivered between January 11 and February 1, 1968. It was installed and maintained by employees of the International Business Machines Corporation pursuant to an agreement between that corporation and the plaintiff. The equipment remained in the Hartford Fire offices through July 1, 1968, the assessment date.

On October 25, 1968, the assessor of the city of Hartford informed the plaintiff that its computer equipment located at the offices of Hartford Fire was assessed on the grand list of July 1, 1968, at $877,000. The plaintiff appealed the assessment to the board of tax review of the defendant, seeking to have the equipment stricken from the grand list. The board refused the requested relief and the plaintiff appealed to the Court of Common Pleas. In sustaining the appeal, the court concluded that since the plaintiff's computer equipment had not been located in the city of Hartford for a period of seven months prior to July 1, 1968, it was not taxable under § 12-59 of the General Statutes.

Personal property can be taxed only at the residence of the owner or at a place where the property has acquired a situs. *Bridgeport Projectile Co.* v. *Bridgeport,* 92 Conn. 316, 319, 102 A. 644. "[P]rovisions fixing the *situs* of property for the purposes of taxation are common in the statutes." *Preston* v. *Norwich Compressed Air Power Co.,* 83 Conn. 561, 565, 78 A. 312. General Statutes § 12-59 provides, in

pertinent part, that "all of the personal estate of . . . [a domestic or foreign] corporation which is permanently located or stationed in any town shall be set in the list of the town in which such property is located . . . . The words 'permanently located,' as used herein, means [sic] located for any seven or more of the twelve months preceding the assessment day."

The defendant claims that the General Assembly provided two alternative tests for situs in § 12-59 by using the phrase "permanently located or stationed." The defendant bases the taxability of the plaintiff's equipment not on its being "permanently located" in Hartford, but rather on its being "stationed" there. It argues that since the legislature did not define the word "stationed," although it did define the term "permanently located," the word must be given its common and ordinary meaning. It takes "stationed" to denote "the place where a person or thing stands or is located." The defendant contends that the General Assembly employed the term "stationed" to cover personal property which is located in the town on the assessment date but not for seven of the twelve months prior to that date. Otherwise, the defendant argues, the plaintiff or any other foreign corporation could avoid paying taxes by moving its personal property from one town to another every six months.

Municipalities have no inherent powers of taxation. Their power to tax depends upon an express grant by the legislature; *Hartford Electric Light Co.* v. *Wethersfield,* 165 Conn. 211, 219, 223, 332 A.2d 83; *Consolidated Diesel Electric Corporation* v. *Stamford,* 156 Conn. 33, 36, 238 A.2d 410; and must be exercised in strict conformity to the provisions of

the granting statute. The authority of the city of Hartford to tax the plaintiff's property, therefore, must clearly appear in the provisions of General Statutes § 12-59, the only applicable grant of taxing authority. Doubts as to the taxing authority of the municipality must be resolved in favor of the taxpayer. *Hartford Electric Light Co.* v. *Wethersfield,* supra; *Consolidated Diesel Electric Corporation* v. *Stamford,* supra; *Curtis* v. *Corbin,* 93 Conn. 648, 656, 107 A. 506.

This court has never before had occasion to consider the independent meaning of the word "stationed" in General Statutes § 12-59 or its predecessors. It is a commonplace that "[n]o word in a statute should be treated as superfluous, void or insignificant unless there are impelling reasons . . . why this principle cannot be followed." *General Motors Corporation* v. *Mulquin,* 134 Conn. 118, 126, 55 A.2d 732. It is also true that nontechnical statutory words and phrases must be construed "according to the commonly approved usage of the language." General Statutes § 1-1 (a). But those "[g]eneral propositions do not decide [this] concrete case." *Lochner* v. *New York,* 198 U.S. 45, 76, 25 S. Ct. 539, 49 L. Ed. 937 (Holmes, J., dissenting). The use of two words of similar meaning, "stationed" and "located," where either one would seem to suffice, creates an ambiguity. Moreover, although the word "stationed" may, in common parlance, refer generally to the place where something is located, it may also refer more specifically to a terminal or stopping place. See Webster, Third New International Dictionary.

Thus, the meaning of the word "stationed" in General Statutes § 12-59 is not immediately appar-

ent. The plaintiff argues that the maxim of noscitur a sociis is therefore applicable: "[T]he meaning of doubtful words may be determined by reference to their association with other associated words and phrases . . . . [W]hen two or more words are grouped together, and ordinarily have a similar meaning, but are not equally comprehensive, the general word will be limited and qualified by the special word." 2A Sutherland, Statutory Construction (4th Ed.) § 47.16; see also *Griffin* v. *Fancher,* 127 Conn. 686, 690, 20 A.2d 95. The plaintiff asserts that the phrase "permanently located" qualifies the word "stationed," and in particular that personal property "stationed" in a town cannot be taxed there under General Statutes § 12-59 unless it has been located there for seven out of the twelve months preceding the assessment day.

The plaintiff buttresses its argument by comparing General Statutes § 12-59 with § 12-43, which also applies to nonresident corporations. *Associated Grocers, Inc.* v. *New Haven,* 147 Conn. 287, 290, 160 A.2d 489. The first predecessor of § 12-59 to subject corporate property "permanently located or stationed" in a town to listing and taxation there was enacted in 1907, without giving any definition of "permanently located." Public Acts 1907, c. 184. Two years later the General Assembly enacted the precursor of § 12-43. Public Acts 1909, c. 195. Section 12-43 directs nonresident owners of personal property "located in any town more than seven months during the year" to list that property with the town assessors. Thus, § 12-43 appears to explicate the less specific language of § 12-59, though the word "stationed" is neither used nor implied in § 12-43. The plaintiff cites the familiar principle

that statutes in pari materia—statutes relating to the same subject matter—are valuable aids in construing ambiguous statutes. See 2A Sutherland, op. cit. §§ 51.01, 51.02. "In terms of legislative intent, it is assumed that whenever the legislature enacts a provision it has in mind previous statutes relating to the same subject matter, wherefore it is held that in the absence of any express repeal or amendment therein, the new provision was enacted in accord with the legislative policy embodied in those prior statutes, and they all should be construed together." Id. § 51.02; see *Hurlbut* v. *Lemelin,* 155 Conn. 68, 74, 230 A.2d 36.

General rules of statutory construction are but imprecise and uncertain guides to the legislative intent behind an ambiguous enactment, and we must employ them with caution. Statutory construction is never a mechanical exercise. But in addition to the considerations advanced by the plaintiff, other factors persuade us to reject the interpretation of § 12-59 proposed by the defendant.

The defendant understands the word "stationed" to imply that if personal property is located in a town on the assessment day it is subject to taxation there even though it has not been there for seven out of the preceding twelve months; and if not located in the town on the assessment day, the phrase "permanently located" means that it is subject to taxation there only if it was there for seven of the preceding twelve months. If adopted, the defendant's construction could lead to the possibility of double taxation, since personal property could be located in one town on the assessment day and in another for seven out of the preceding twelve months. Nor is there any reason to think what the

defendant's argument presupposes, that the words "permanently located" were meant to refer solely to property not physically located in town on the assessment day. The definition of "permanently located," added in 1947 by Public Act No. 202 forty years after the phrase "permanently located or stationed" was first employed, does not remotely suggest that it is not applicable to property located in town on the assessment day. But if the term "permanently located" does apply to property located in town on the assessment day, the defendant's broad interpretation of the word "stationed" results in redundancy and confusion.

To summarize, the significance of the word "stationed" is uncertain, and the uncertainty is not dispelled by reasoning, legislative history or rules of construction. From all that appears, the time restriction contained in § 12-59 which applies specifically to the term "permanently located" also applies to the word "stationed." In light of the unresolved ambiguity, the Hartford tax assessor was not authorized to list the plaintiff's property in the 1968 grand list. *Hartford Electric Light Co.* v. *Wethersfield,* 165 Conn. 211, 219, 223, 332 A.2d 83.

There is no error.

In this opinion the other judges concurred.