## ARTHUR J. KUSHA *v.* WALDEMAR RESPONDOWSKI ET AL.
### (2616)

DUPONT, C.P.J., HULL and SPALLONE, Js.

Argued January 16—decision released April 23, 1985

*James H. Aspinwall,* for the appellant (plaintiff).

*Robert R. Petrucelli,* for the appellees (defendants).

HULL, J. This appeal presents the single issue of whether the plaintiff, having filed eleven offers of judgment prior to trial, is entitled to an award of interest on the amount of his fourth offer of judgment, the highest of his offers of judgment which was below the amount which he was subsequently awarded by the jury. We conclude that the trial court erred in not granting the plaintiff an award of interest.

On February 9, 1978, this action was commenced as the result of an automobile accident involving the plaintiff, Arthur J. Kusha, and the defendant Waldemar Respondowski.[1] Subsequently, Kusha filed a total of eleven offers of judgment, pursuant to Practice Book § 346 and General Statutes (Rev. to 1981) § 52-192a (a), according to the following schedule:

| | |
|---|---|
| July 23, 1979 | $65,000 |
| September 13, 1979 | $75,000 |
| December 31, 1979 | $85,000 |
| May 7, 1980 | $95,000 |
| November 12, 1980 | $105,000 |
| February 25, 1981 | $115,000 |
| April 1, 1981 | $125,000 |
| September 18, 1981 | $135,000 |
| November 2, 1981 | $145,000 |
| January 1, 1982 | $160,000 |
| March 9, 1982 | $200,000 |

None of those offers was accepted by the defendants and, on June 6, 1983, after a trial on the merits, the jury returned a plaintiff's verdict in the amount of $96,486.67.

The plaintiff thereafter moved, pursuant to Practice Book § 350 and General Statutes § 52-192a (b), for an award of interest on the amount of his largest offer for judgment which was less than or equal to the verdict returned. The court declined to award such interest and from that decision the plaintiff appeals.

---

[1] Although Waldemar Respondowski was the operator of the vehicle involved in the accident, it was owned by his wife, Margaret Respondowski, who is also a defendant herein.

General Statutes § 52-192a (b), at the time the plaintiff's final offer was made,[2] provided in pertinent part: "After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment,' the court shall add to the verdict twelve per cent annual interest on the amount contained in such offer, computed from the date such offer was filed in actions commenced before [October 1, 1981]. . . . For purposes of this computation, the largest 'offer of judgment' which was equal to or less than the verdict shall be used."

In the present case, the trial court concluded that "no interest is due the plaintiff because he did not recover an amount greater than his largest offer of judgment which as aforesaid was $200,000. If the plaintiff had stopped at the $95,000 offer of judgment, then he would be entitled to interest, but he went further and submitted [seven] more offers of judgment, all greater than the jury verdict." That conclusion adds to General Statutes § 52-192a (b) a requirement which it does not actually contain, for nowhere in the statute is there a requirement that all of the plaintiff's offers must be less than the amount actually recovered.

The defendants place heavy emphasis on the language found in the offer of judgment statute; General Statutes § 52-192a (b); which provides that "[f]or purposes of this computation, *the largest 'offer of judgment' which was equal to or less than the verdict shall be used.*" (Emphasis added). This argument, however, relies

---

[2] Between the filing of the first of the plaintiff's offers and the last of those offers, one change was made to the language of this provision by Public Acts 1981, No. 81-315. That change, not relevant at this point, will be discussed further herein.

solely on the four words "largest 'offer of judgment' " without taking into account the effect of the following phrase. When read in context, the above quote evidences the legislature's consideration of the possiblity that the plaintiff might file multiple offers which were both higher and lower than the verdict. The provision also demonstrates that in such cases an award was to be allowed based on "the largest 'offer of judgment' which was equal to or less than the verdict."

We cannot ignore the plain meaning of a statute. "In construing a statute, this court seeks to ascertain the intent of the legislature as it is expressed through the words actually used. *Schwab* v. *Zoning Board of Appeals,* 154 Conn. 479, 482, 226 A.2d 506 [1967]." *State* v. *Grant,* 176 Conn. 17, 20, 404 A.2d 873 (1978). "It has often been said that the legislative intent is to be found not in what the legislature meant to say, but in the meaning of what it did say. *Wiegand* v. *Heffernan,* 170 Conn. 567, 581, 368 A.2d 103 (1976); *Colli* v. *Real Estate Commission,* 169 Conn. 445, 452, 364 A.2d 167 (1975); *Sillman* v. *Sillman,* 168 Conn. 144, 148, 358 A.2d 150 (1975)." *Muha* v. *United Oil Co.,* 180 Conn. 720, 730, 433 A.2d 1009 (1980). There is no question, under General Statutes § 52-192a, that if an offer is not accepted within thirty days, it is considered rejected. Therefore, each of the offers made here was no longer open to acceptance since none of them was made within thirty days of the verdict. Thus, the defendants argue, there was no valid offer *less than the verdict* which was outstanding at the time of the verdict. This undisputed fact, however, must be considered in the light of the clear mandate of the statute that the highest offer which was less than the verdict must be used by the court in computing interest. Generally, " 'no part of a legislative enactment is to be treated as insignificant and unnecessary, and there is a presumption of purpose behind every sentence, clause

or phrase . . . .' " *Doe* v. *Institute of Living, Inc.,* 175 Conn. 49, 58, 392 A.2d 491 (1978). Insofar as it is possible, the entire enactment is to be harmonized and each part is to be made operative. *Sillman* v. *Sillman,* supra.

If we were to agree with the interpretation of the defendants and the trial court, we would, in fact, hinder the purpose of this provision: the promotion of settlements in cases so as to unclog an overloaded docket. See *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 301, 304, 472 A.2d 316 (1984); *Verrastro v. Sivertsen,* 188 Conn. 213, 223-24, 448 A.2d 1344 (1982). See also testimony of Richard Bieder, Esq., Hearings before Joint Standing Committee on the Judiciary, Pt. 3, 1977 Sess., p. 691 (hearings on Senate Bill 805, enacted as Public Acts 1977, No. 77-269).

Regardless of how many offers the plaintiff made which were in excess of the amount he actually recovered after trial, the defendants received four offers which were below the amount of the verdict. Had they accepted any of those offers, they would have shortened the course of this action by at least three years and would have paid less in damages as well. To deny the plaintiff an award of interest under such circumstances is clearly contrary to the intent behind General Statutes § 52-192a. We conclude, therefore, that the trial court erred in refusing to award interest to the plaintiff.

Our conclusion that the plaintiff is entitled to an award of interest in this case raises a second issue due to the possible effects of several amendments to General Statutes § 52-192a, regarding computation of the amount of the award.

Public Acts 1982, No. 82-228, effective October 1, 1982, amended the provisions of General Statutes § 52-192a (b) to provide that the interest calculation would be based on the amount of the verdict rather than

the offer of judgment itself. The statute, as amended in 1982, provides in part: "[T]he court shall add to the verdict twelve per cent annual interest on the amount *of the verdict,* computed from the date such offer was filed in actions commenced before October 1, 1981."[3] (Emphasis added.) In the present case, the offer in question was filed before the October 1, 1982 effective date of this amendment, but the verdict was rendered thereafter. Thus, the issue of whether the 1982 amendment should be applied retroactively arises.

We recognize that " '[s]tatutes should be construed retrospectively *only when the mandate of the legislature is imperative.' Michaud* v. *Fitzryk,* 148 Conn. 447, 449, 171 A.2d 397 [1961]; *McAdams* v. *Barbieri,* 143 Conn. 405, 414, 123 A.2d 182 [1956]; *Lane's Appeal,* 57 Conn. 182, 17 A. 926 [1889]." (Emphasis added.) *Waterbury National Bank* v. *Waterbury National Bank,* 162 Conn. 129, 134, 291 A.2d 737 (1972). Here, we conclude that the legislature intended to provide just such a mandate for, as we stated earlier, we are bound to "ascertain the intent of the legislature as it is expressed through the words actually used." *State* v. *Grant,* supra.

As it read after the 1982 amendment, General Statutes § 52-192a (b) clearly stated that the computation of interest shall (1) be based on the amount of the verdict, and (2) be computed from the date the offer was filed in cases commenced prior to October 1, 1981. Since the present case was commenced prior to October 1, 1981, we hold that the calculation of interest due to the plaintiff must be based on the $96,486.67 verdict, computed from May 7, 1980, to the date upon which the judgment was rendered. Unlike *Gionfriddo* v. *Avis*

---

[3] Although not relevant here, the 1982 amendment was, itself, changed in 1983 by Public Acts 1983, No. 83-295, § 9, to substitute "amount so recovered" for "verdict" to make clear that the provision applied to court awards as well as to jury awards.

*Rent A Car System, Inc.,* supra, the judgment in this case was not rendered until after the 1982 amendment became effective on October 1, 1982.[4] Thus, the ground for denying the 1982 amendment retroactive effect upon which the court relied in *Gionfriddo* is not applicable here.

There is error only in the failure of the trial court to award interest, the judgment is set aside and the case is remanded with direction to render judgment as on file except for the addition of interest in accordance with this opinion.

In this opinion the other judges concurred.

---

[4] The court in *Gionfriddo* stated that "[t]he 1982 amendment . . . stated that it was to apply to actions, like the present one, commenced before 1981. Nonetheless, the 1982 amendment did not become effective until October 1, 1982, well after June 28, 1982, the date of the judgment in this case." *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 301, 309, 472 A.2d 316 (1984).