[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant herein is accused of having shot and injured a dog, owned by the defendant, during a hunting episode. It is the defendant's contention that the dog acted in a menacing manner toward him and that he shot the dog as he appeared to attack him and that the shooting was in defense of such an attack.
The plaintiff alleges that when he saw the other hunter and the proximity of his dog to the hunter, he yelled to him that the dog would not bite. The defendant states that he heard the shouting but could not understand what was being said. He at first fended off the dog with the barrel of his gun but when the dog continued to circle him with his teeth barred and, fearing an attack, he then in an effort to protect himself shot the dog.
Section 22-351 of the Connecticut General Statutes in its pertinent part reads as follows:
 "Any person . . . who unlawfully bills or injures any dog . . . shall be liable to the owner in a civil action. . . ."
Section 22-358(b) states the following:
 "Any person who is bitten or shows visible evidence of attack by a dog . . . when such person is not upon the premises of the owner or keeper of such dog . . . may kill CT Page 6512 such a dog . . . during such attack."
In order for the killing of the dog to be declared unlawful and thus allow the plaintiff to bring this action, it is necessary that there be no visible evidence of attack by the dog.
"`Unlawful'" as used in § 23-351 of the Conn. General Statutes refers to conduct that is wilful or at least so wanton as to be the equivalent thereof. Griffin v. Fancher, 127 Conn. 686, 690. Wilfulness imports intent, that is, design to cause harm, either actual or constructive. Sharkey v. Skelton, 83 Conn. 503, 507."State v. Voelkel, 2 Conn. Cir. Ct. 459, 466.
While the defendant testified that he shot the dog because he was in fear of being attacked by the dog, nevertheless, the canine control officer in his letter to the defendant dated December 10, 1993 (Exhibit 1) made the following finding:
 "Although I have concluded that you acted in self defense when you shot the dog belonging to Aldo Addario, under Section 22-358 of the Connecticut General Statutes, you may kill a dog only if you show visible signs of attack. This was not the case. . . . (Emphasis added).
This finding appears somewhat contradictory. In one instance he finds the defendant to have acted in self defense, while in the other he finds that there was no showing of any visible sign of attack. The court, however, after examining all of the evidence and having heard the testimony of the defendant, finds that the testimony presented shows visible signs of attack.
It should be noted at this point that the plaintiff, although he called to the defendant that the dog would not bite, did testify that he carried with him around his neck a whistle that had it been used would have called off the dog, a trained hunting dog.
The court finds the issues for the defendant and judgment may enter accordingly.
The Court
Curran, J. State Trial Referee CT Page 6513