[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff commenced her action claiming damages returnable November 28, 1995.
The plaintiff filed her first offer of judgment on December 15, 1995. 30 days expired without acceptance by the defendant.
Plaintiff thereafter filed another offer of judgment for $20,000.00 received by the court on January 14, 1997. This offer also is deemed to have been denied as the 30 days expired.
Both offers were made within 18 months of the return date. The last offer of judgment, however, was filed by the plaintiff after disclosure by the defendant of their policy limits, i.e. ($20,000.00).
The jury's verdict, after interpreting the comparative negligence and reduced by collateral source rule was $32,630.55. There appears to be a split of authority in lower court decisions.
The issue presented to the court is whether or not the defendant owes interest pursuant to Connecticut General Statutes § 52-192(a)(b).
Notably the defendant filed no objection or motion to strike CT Page 5930 the second offer.
"Chief Justice Peters has instructed that § 52-192a is remedial legislation and its provisions should not be interpreted to undermine its broad statutory intention . . . Chief Justice Dupont has written that § 52-192a is admittedly punitive in nature; that it is the punitive aspect of the statute that effectuates the underlying purpose of the statute and provides the impetus to settle cases; and, that the purpose of the act is to encourage early, fair and reasonable settlements, and to encourage plaintiffs to make offers of judgment promptly . . ." Gladstone v. Grinnan,
Superior Court, judicial district of New Haven (December 15, 1995, Martin, J.).
"The purpose of General Statutes § 52-192a is to promote settlements so as to unclog the congested court docket. Id., 223; see Kusha v. Respondowski, 3 Conn. App. 570, 574, 490 A.2d 1014
(1985). The phrase `unless refiled' in the amended version of General Statutes § 52-192a(a) could be interpreted to either mean the filing of another offer of judgment for the same amount as the original offer of judgment filed by a plaintiff, or the filing of another offer of judgment regardless of whether it is for the same amount or a different amount. However, to construe the phrase `unless refiled' to mean that a plaintiff may only `refile' an offer of judgment for the same amount as the amount stated in the original offer of judgment filed by the plaintiff, would do nothing to promote settlements in many cases where during the course of the action, because of the passage of time or the ascertainment of new or different facts through discovery the monetary value which the plaintiff has placed upon the case may change. The court finds that the better reasoned cases are the cases in which the court has held that the filing of a second offer of judgment revokes the first offer of judgment, on the basis that the statute contemplates only one effective offer of judgment at any given time during the course of the action. The court finds that the plaintiff's second offer of judgment is the only effective offer of judgment in the file."
Given the purpose behind § 52-192(a) it is logical to conclude that a plaintiff be encouraged to file a more realistic offer of judgment if the first is either rejected or expires. Accordingly, the court grants statutory interest pursuant to § 52-192(a) on the offer of judgment filed by the plaintiff on January 14, 1997. CT Page 5931
WALTER R. BUDNEY JUDGE TRIAL REFEREE