[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
The issue in this municipal tax appeal is whether the City of Waterbury may assess personal property tax on commercial motor vehicles that are owned by a corporation with its principal place of business in Waterbury, but are garaged in other towns. The plaintiff, Paul Dinto Electrical Contractors, Inc. (Dinto), and the defendant, City of Waterbury (City), filed cross motions for summary judgment on counts one and four of the plaintiff's complaint. The parties have filed a stipulation of facts accompanied by numerous exhibits. In count one, Dinto appeals pursuant to General Statutes § 12-119 the City's assessment of personal property taxes on the vehicles garaged outside of Waterbury on the October 1, 1998 grand list. In count four, Dinto seeks a declaratory judgment regarding the taxation of the vehicles. Dinto filed a withdrawal of counts two and three of its complaint. CT Page 8203-fs
Dinto is a Connecticut corporation that operates a commercial electrical contracting business employing over 200 people. Dinto's principal place of business is 121 Turnpike Drive in Waterbury. Dinto provides electrical services to large commercial buildings. Dinto has a fleet of twenty-six vehicles that are assigned to individual employees for use in the course of their employment to reach their respective job sites. The employees garage the vehicles assigned to them at their homes. These employees leave from their homes and go directly to the job sites and return the vehicles to their homes at the end of the work day. The vehicles are rarely driven to Dinto's principal place of business in Waterbury. The employees to whom the vehicles are assigned live in towns outside the Waterbury city limits. Each of the towns in which the employees reside tax Dinto's vehicles that are garaged in that town. The City claims that all of Dinto's vehicles are subject to the Waterbury personal property tax because Dinto's principal place of business is in Waterbury. Dinto's commercial vehicles were taxed twice on the October 1, 1998 grand list; once by the City and once by the towns in which the individual vehicles were garaged.
Municipalities have no inherent powers of taxation, and their power to tax comes from an express grant by the legislature. Levin-TownsendComputer Corp. v. Hartford, 166 Conn. 405, 408, 349 A.2d 853 (1974). The legislature authorized municipalities to impose a tax on all non-exempt personal property of corporations by the enactment of General Statutes § 12-59. Id., 409.
As of the October 1, 1998 grand list, General Statutes (Rev. to 1997) § 12-59 provided, in relevant part:
The whole property in this state of each corporation organized under the law of this state, whose stock is not liable to taxation, and which is not required to pay a direct tax to this state in lieu of other taxes, and whose property is not expressly exempt from taxation, and the whole property in this state of each corporation organized under the law of any other state or country, including each foreign municipal electric utility, shall be set in its list and liable to taxation in the same manner as the property of individuals. The real estate of any such corporation shall be set in the list of the town in which such real estate is situated, and all of the personal estate of such corporation which is permanently CT Page 8203-ft located on the assessment day in any town shall be set in the list of the town in which such property is located, and all other personal property of such corporation shall be set in this list of the town in which such corporation has its principal place of business or exercises its corporate powers; and, when It has two or more establishments for transacting its business in different towns, school districts or other municipal subdivisions, it shall be assessed and taxed for each such establishment, and for the personal property attached thereto, or connected therewith, and not permanently located in some other town, in the town, school district or other municipal subdivision having the power of taxation in which such establishment is located . . . The words "permanently located," as used herein, mean located for any three or more months preceding the assessment day . . .[1]
Since § 12-59 requires that the property of corporations, whether domestic or foreign, "be liable to taxation in the same manner as the property of individuals," it becomes necessary for us to look at the statutes for the taxation of personal property of individuals. As of the October 1, 1998 grand list, General Statutes (Rev. to 1997) § 12-71
(a) provided: "All goods, chattels and effects or any interest therein, belonging to any person who is a resident of this state, shall be listed for purposes of property tax in the town where such person resides, subject to the provisions of §§ 12-43 and 12-59. Any such property belonging to any nonresident shall be listed for purposes of property tax as provided in said section 12-43."[2] The purpose of § 12-71 was to subject all tangible personal property of residents in this state to local municipal taxation. Northeast Datacom, Inc. v. Wallingford,212 Conn. 639, 642, 644, 563 A.2d 688 (1989). Since corporations, by virtue of § 12-59, are subject to municipal property taxes in the same manner as individuals, we must examine the process used by the legislature where a resident of this state owns tangible personal property located in multiple towns. In considering this issue, we turn to § 12-43, which recites in part:
Each owner of tangible personal property located in any town for three months or more during the assessment year immediately preceding any assessment day, who is a nonresident of such town, shall file a declaration of such personal property with the assessors of the town in which the same is located on CT Page 8203-fu such assessment day, if located in such town for three months or more in such year, otherwise, in the town in which such property is located for the three months or more in such year nearest to such assessment day, under the same provisions as apply to residents, and such personal property shall not be liable to taxation in any other town in this state . . . As used in this section, `nonresident' means a person who does not reside in the town in which such person's tangible personal property is located on the assessment day, or a company, corporation, limited liability company, partnership or any other type of business enterprise that does not have an established place for conducting business in such town on the assessment day.
(Emphasis added.) It is a stated legislative purpose, as expressed in the language of § 12-43, not to allow the situation that exists in this case where Dinto's vehicles are taxed twice, once by the towns in which the individual vehicles are garaged and once by Waterbury. The City argues that the legislative intent was to tax all personal property of corporations in the town where the corporation has its principal place of business, not where the personal property is located. The City contends that because "section 12-71 (a) regulates the taxation of personal property of `any person who is a resident in this state,' it is clear that the term `nonresident' contained in the last sentence of . . . [General Statutes (Rev. to 1997) § 12-71 (a)], which refers to section 12-43, means persons who do not reside in the state." (Defendant's brief, p. 10.) However, we must construe the language of § 12-43 as employed by the legislature. Kudlacz v. Lindberg Heat Treating Company, 250 Conn. 581,586, 738 A.2d 135 (1999). "[I]t is axiomatic that the process of statutory interpretation involves a reasoned search for the intention of the legislature . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotation marks omitted.) Vibert v. Board ofEducation, 260 Conn. 167, 170 (2002). If the language of the statute is plain and unambiguous, the statute speaks for itself and there is no need to construe it. Grasso v. Zoning Board of Appeals, 69 Conn. App. 230, 236
(2002). "It is a well-settled principle of [statutory] construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling . . . We are obligated, furthermore, to read statutes CT Page 8203-fv together when they relate to the same subject matter . . . This is because of the presumption that the legislature intended to create a harmonious body of law . . . Finally, elementary rules of statutory construction require the presumption that the legislature did not intend to enact superfluous legislation." (Citations omitted; internal quotation marks omitted.) State v. State Employees' Review Board, 239 Conn. 638,653-54, 687 A.2d 134 (1997). Section 12-43 specifically defines "nonresident" for purposes of that section as a person or corporation that does not reside or have a business establishment in the town where the personal property is located for the three months preceding the assessment day. The plain language of General Statutes § 12-43
provides for the taxation of personal property of nonresidents of a town by the town in which the property is located. By its very language, the statute is not limited in its application to nonresidents of the state, as argued by the City.
The language of § 12-71 (a) assumes that the personal property of the taxpayer is located at the residence of the taxpayer. Levin-TownsendComputer Corp. v. Hartford, supra, 166 Conn. 407. Where the personal property of the taxpayer is located in a different town than that in which the taxpayer resides, § 12-43 becomes controlling. Section 12-43
deals with the specific situation where a taxpayer has personal property located in multiple towns and provides for the taxation of such personal property by the town where the personal property is located. If the intention of the legislature was to tax all personal property in the taxpayer's town of residence, there would have been no need to enact § 12-43. We cannot ignore the mandate of § 12-43 to subject Dinto's personal property to property taxes in the towns where the commercial motor vehicles are located, which in this case are the towns where Dinto's employees reside and the vehicles are garaged. To do otherwise would require the taxation of personal property of corporations only at the principal place of business, whereas individuals would be taxed in the town where the personal property is located rather than where the individual resides. By creating a different standard for corporations and individuals, this concept would contravene the legislative intent as expressed in § 12-59 to tax property of corporations "in the same manner as individuals."
In support of this recognition of the mandate in § 12-43, we note that in Bridgeport Gas Co. v. Stratford, 153 Conn. 333, 216 A.2d 439
(1966), the personal property of the plaintiff was taxed by Stratford, the town in which the personal property was located, rather than in Bridgeport, where the company's main office was located. In AssociatedGrocers Inc. v. New Haven, 147 Conn. 287, 160 A.2d 489 (1960), the CT Page 8203-fw plaintiff maintained its principal place of business in Wethersfield but had maintained a warehouse of personal property in New Haven during seven of the twelve months prior to the assessment date. Before the assessment date the plaintiff closed the New Haven warehouse and moved all of its personal property to Wethersfield. The plaintiff contested the New Haven tax because it had removed the personal property prior to the assessment date. The court held that as a domestic corporation with tangible personal property located in New Haven for seven of the twelve preceding months, the plaintiff had acquired a permanent location in New Haven under § 12-59 and was liable to New Haven for the personal property tax for that assessment year. Id., 290.
In a similar vein, in Cooley Chevrolet Co. v. West Haven, 146 Conn. 165,148 A.2d 327 (1959), the plaintiff, which had a principal place of business in New Haven, appealed a personal property tax by the town of West Haven on automobiles stored in two locations in West Haven. The court concluded that where the plaintiff failed to file a declaration of property with the assessor of West Haven, it could not complain if the assessor based his assessment on his observation of automobiles physically located in West Haven. Id., 169.
In all three of the cases cited above, the plaintiff corporations maintained their principal places of business in towns different from where their personal property was located, and the personal property was subject to a property tax in the town where the property was located, not the towns of the principal places of business.
Accordingly, we conclude that for property tax purposes, commercial motor vehicles owned by a domestic corporation are properly subject to taxation in the towns where the vehicles are physically located for the requisite period prior to the assessment date, not where the corporation has its principal place of business.
Waterbury's motion for summary judgment is denied. Dinto's motion for summary judgment is granted, and judgment shall enter sustaining the plaintiff's appeal without costs to either party.