Town of Hartford *v.* Champion.

---

## The Town of Hartford *vs.* Julia Champion.

Hartford District, Oct. T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

The statute (Gen. Statutes, p. 153, sec. 4,) provides that where any resident tax-payer fails to give in a sworn list of his taxable property the assessors "shall fill out a list for him, putting therein all property which they have reason to believe is owned by him liable to taxation, at the actual value thereof, from the best information they can obtain, and add thereto ten per cent. of such valuation." Held not necessary that the assessors should get knowledge of specific property kept back from taxation, but that it is enough if they ascertain the fact that

Town of Hartford *v.* Champion.

property is thus kept back, and use their best judgment as to the amount and value of it.

It is sufficient if, from information obtained by inquiry, and from their own judgment upon the general facts of the case, they come to the honest belief that property is thus kept back.

Assessors inserted the following item in a list thus filled out by them, after specifying other property:—"All taxable property not specifically mentioned, $25,000." Held to be legal.

[Argued October 6th,—decided November 26th, 1886.]

ACTION to recover taxes; brought to the Superior Court in Hartford County, and tried to the court before *Andrews, J.* Facts found and judgment rendered for the plaintiff. The defendant appealed. The case is fully stated in the opinion.

*T. M. Maltbie* and *P. C. Bryant,* for the appellant.

*S. O. Prentice* and *J. H. Brocklesby,* for the appellee.

GRANGER, J.   This action is brought for the recovery of taxes as a debt due from the defendant to the plaintiff town, under the statute of 1881, (Session Laws of that year, ch. 101, sec. 2,) which provides that "all taxes properly assessed may be recovered by any proper complaint or proceeding at law for the recovery of money as in other cases." The only question in the case is whether the taxes were "properly assessed."

The complaint alleges that the defendant on the first day of October, 1881, was a resident of the town of Hartford and liable to pay taxes in said town; that on that day she was the owner of a large number of shares of the capital stock of several insurance companies named; that she neglected to give in to the assessors a sworn list on or before the first day of November, 1881, of the taxable property owned by her on said first day of October; that the assessors thereupon filled out a list for her, putting the insurance stocks above named at $86,665, and other property owned by her and liable to taxation at the sum of $25,000, and added

ten per cent. of said valuations thereto. The complaint then proceeds to allege that the assessment list was never appealed from or changed, that a certain tax was duly laid by the town on the assessment list of that year, which was payable July 15th, 1882, and that the amount of the defendant's tax was $1,044.07, that the collector had since that date demanded the tax of her, but that she had never paid it, and that the tax was now due, with the interest and additions provided by law.

The case was tried to the court. On the trial it appeared that the item of $25,000 was entered upon the defendant's assessment list as follows: " All taxable property not specifically mentioned, $25,000."

Upon the argument of the case the counsel for the defendant asked the court to decide that the assessment so made against her was not legal, for the reason that it did not appear from the evidence that the assessors had any knowledge whatever of any property belonging to her for which she is set in the list at the sum of $25,000, under the head of " all other taxable property not specifically mentioned," nor that they had any reasonable ground to believe that she had such property. And they asked the court to hold that there must be such facts shown to have been brought to the knowledge of the assessors, and upon which they acted, as would enable the court to see that the assessors either knew that the defendant actually had such property, or that they could reasonably believe that she had it; and that unless such facts had been shown the court ought to hold the assessment illegal and void. The court found that in filling out and making the assessment list for the defendant, the assessors, acting from the best information they were able to obtain, had reason to believe and did verily believe that she owned all the property set therein, and that the same was of the value at which it was assessed, and that it was liable to taxation. The court also found that the defendant on the first day of October, 1881, was a resident of the town of Hartford, and that all the paragraphs of the complaint were proved and true, and found

the issue for the plaintiff and rendered judgment in its favor for the whole amount of the tax claimed, with the ten per cent addition, and interest at the rate provided by law.

The defendant appeals from this judgment and assigns the following reasons of appeal:

" The assessment and tax is illegal and void, because,

" 1st. The list of property of the defendant for taxation was not made as required by law.

" 2d. Said list contained a large amount of property which did not exist, and which the assessors did not have reason to believe was owned by the defendant and liable to taxation.

" 3d. Said list was not a list of the property of the defendant, or intended as such, but was fraudulently made with intent to injure and punish the defendant.

" 4th. Said judgment is erroneous because it includes a tax upon a large sum improperly and illegally placed by the assessors in the list of property for taxation of the defendant."

The substance of the defendant's reasons of appeal and of the claim made by her counsel in the argument before us, is, that the assessors had no right under the statute to put any property in the defendant's list unless they had definite knowledge of specific property which she owned and had failed to put into her list, and that such property must have been actually valued by them.

The statute (Gen. Statutes, p. 153, sec. 4) provides that where any resident tax-payer fails to give in a sworn list of his taxable property " the assessors shall fill out a list for him, putting therein all property which they have reason to believe is owned by him liable to taxation, at the actual value thereof, from the best information they can obtain, and add thereto ten per cent. of such valuation."

Under this statute the assessors are not limited to any particular source or means of information, or evidence of ownership or value; they are only required to act upon " the best information they can obtain." This information they may obtain by inquiring of those who would be likely

to know, and from their own judgment upon the general facts of the case. It is sufficient if they ascertain enough to found upon it an honest belief that the tax-payer has taxable property which he keeps back from taxation. It is not necessary that they learn of and specify particular property. The object of the tax-payer is to keep his property out of sight and from the knowledge of the assessors. By frankly stating what he owns he avoids all danger of an unjust impression on the part of the assessors. If they get at the fact that property is thus concealed by using their best judgment in the matter, and by inquiries that bring them to an honest belief on the subject, the tax-payer is in the circumstances in no position to make a reasonable complaint if they misjudge in the matter.

It is expressly found that the assessors, in making the list, "acted from the best information they were able to obtain, and had reason to believe, and did believe, that the defendant owned all the property set therein, and that it was of the value at which it was assessed." This finding we must regard as decisive of the proper action of the assessors in the matter.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.