## PONEMAH MILLS *vs.* THE TOWN OF LISBON.

Second Judicial District, Norwich, April Term, 1915.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GREENE, Js.

Chapter 201 of the Public Acts of 1911 prescribes that owners of real estate or of tangible personal property which is located for more than seven months in a year in a town in which such owners do not reside, shall file tax lists of such property with the assessors of the town in which it is located, in the same manner as is now required of residents, "but without penalty for neglect or refusal to file such lists." *Held* that the sole penalty therein referred to, and from which the Act exempted nonresidents, was the addition of ten per cent to the valuation placed by the assessors upon the property, in the lists made out by them for delinquent resident taxpayers, as prescribed in § 2303 of the General Statutes.

In the present case the plaintiff claimed to have been taxed upon property it did not own; but its complaint merely stated that it owned a tract of land "containing 140 acres more or less," and that the assessors listed the land as "175 acres." *Held* that as a matter of pleading there was no necessary inconsistency or discrepancy between these statements, each being an estimate only; and inasmuch as there was no finding of the actual acreage in the tract, the plaintiff's supposed grievance did not appear upon the face of the record.

A taxpayer, whether resident or nonresident, who fails to give in his list, cannot justly complain if the assessors, acting in good faith and on his behalf, do make an error of judgment in listing and valuing his property for taxation as directed by §§ 2303 and 2309 of the General Statutes.

Argued April 27th—decided July 16th, 1915.

APPLICATION in the nature of an appeal from the action of the board of relief of the defendant town in refusing to reduce either the number of acres of land listed by the assessors in the name of the plaintiff, or the valuation placed thereon by them, brought by the plaintiff to the Superior Court in New London County and tried to the court, *Bennett, J.,* upon a demurrer to the second defense; the court overruled the demurrer and, upon the refusal of the plaintiff to plead further,

rendered judgment for the defendant, confirming the action of the board of relief, from which the plaintiff appealed. *No error.*

*John P. Huntington,* for the appellant (plaintiff).

*Amos A. Browning* and *Virtume P. A. Quinn,* for the appellee (defendant).

BEACH, J. The complaint alleges that the plaintiff is a corporation located in the town of Norwich; that it is the owner of a certain tract of land in the town of Lisbon, bounded as described in the complaint and "containing 140 acres more or less"; that on or before January 31st, 1914, the assessors of the town of Lisbon made a list of the plaintiff's taxable property therein, consisting solely of the item "175 acres of land" valued at $13,125; and that the plaintiff duly appealed to the board of relief, which refused to reduce either the acreage or the valuation. It is alleged that the acreage and valuation as fixed by the assessors were illegal and excessive, and the refusal of the board of relief to reduce the same unlawful.

The answer admitted the plaintiff's ownership and the acts and omissions of the assessors and board of relief as alleged, and denied that the acreage and valuation as fixed by the assessors was illegal or excessive; and, for a second defense, alleged that the plaintiff failed and unnecessarily neglected to give in to the assessors on or before November 1st, 1913, a list of the taxable property owned by it in the town of Lisbon on October 1st, 1913, as required by law.

The plaintiff demurred to the second defense as immaterial and irrelevant, and because, if upheld, it would impose a penalty on the plaintiff for failing to give in a tax list, contrary to the statute in such case

Ponemah Mills *v.* Lisbon.

provided. The demurrer was overruled, and, upon the plaintiff's refusal to plead further, judgment was entered for the defendant.

The assignments of error are as follows: (1) Overruling the demurrer to the second defense of the answer. (2) The judgment is not warranted because the complaint alleges that it was unjust and unlawful for the assessors and board of relief of said town of Lisbon respectively to make and confirm an assessment against the plaintiff upon property which it did not own. (3) The plaintiff claims that it is entitled to a hearing and the grant of relief by the Superior Court from an assessment embracing such an addition to the list of the property owned by it as was made by said assessors and confirmed by said board of relief.

The first assignment of error is not pursued on the brief, and calls for no comment except to say that the Superior Court was right in holding that the words "but without penalty for neglect or refusal to file such lists," in chapter 201 of the Public Acts of 1911, p. 1476, refer solely to the ten per cent which the assessors are required by § 2303 of the General Statutes to add to the list of a resident taxpayer who neglects or refuses to file a list. The effect of chapter 195 of the Public Acts of 1909, p. 1121, as amended by chapter 201 of the Public Acts of 1911, p. 1476, is that nonresident taxpayers are required to file tax lists of real estate and certain tangible personal property in the same manner as required of residents, but without liability to be penalized by a ten per cent addition for failing or neglecting to do so.

The second and third assignments of error are based upon the supposed fact that the plaintiff has been taxed upon property which it does not own. We do not think this supposed fact appears on the face of the record. There is no finding of facts by the trial court, and, as a

matter of pleading, there is no necessary inconsistency between the complaint, which alleges that the plaintiff owns one hundred and forty acres more or less, and the tax list, which assesses the plaintiff upon one hundred and seventy-five acres.

The true measurement of the plaintiff's land was a matter within its own knowledge or means of information, and if the plaintiff desired to plead that the assessment was illegal, because its actual ownership was in fact substantially less than one hundred and seventy-five acres, it was bound either to allege that fact, or else to state its true acreage, so that the extent of the discrepancy might appear. As the complaint stands, it contains no distinct allegation of the essential fact of discrepancy on which to hang the second and third assignments of error. The assessors must have the same right to make an honest estimate of the acreage of any taxable land that the taxpayer has; and, in the absence of any allegation that the assessors acted in bad faith, the averment that the plaintiff's tract contains one hundred and forty acres, more or less, is merely the owner's estimate of its extent, and is entirely insufficient of itself to warrant the conclusion that the assessors' estimate of one hundred and seventy-five acres, because twenty-five per cent higher, is therefore an illegal assessment.

Section 2303 of the General Statutes requires assessors, in case a resident fails to give in his tax list, to fill out a list for him, putting therein all property which they have reason to believe is owned by him, liable to taxation, at the actual valuation thereof from the best information they can obtain, and add thereto ten per cent of such valuation; and this power has been construed as authorizing the assessors to act for the delinquent, so that he cannot complain if they misjudge in the matter. *Hartford* v. *Champion,* 54 Conn. 436, **7**

Atl. 721; *Hartford* v. *Champion*, 58 Conn. 268, 20 Atl. 471.

The plaintiff claims that this section relates solely to resident taxpayers, and that the authority of assessors to fill out lists for nonresident taxpayers is limited, by § 2309, to their "taxable property"; from which supposed distinction the inference is drawn that therefore the plaintiff has a right to its day in court upon the question whether the list complained of contains something more than its taxable property.

We have already pointed out that the complaint does not raise that issue; but it seems proper to add that the supposed distinction is unfounded. The same necessity exists in the one case as in the other for reaching all the estate of the delinquent which is properly taxable in the jurisdiction, and the words "taxable property," in § 2309, have the same meaning as the words property "liable to taxation," in § 2303.

There is no error.

In this opinion the other judges concurred.