THE COOLEY CHEVROLET COMPANY *v.* TOWN
OF WEST HAVEN
(two cases)

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, JS.

Argued December 2, 1958—decided February 3, 1959

*T. Holmes Bracken,* for the appellant (plaintiff) in each case.

*John G. Cicala,* for the appellee (defendant) in each case.

MELLITZ, J. These appeals involve the validity of a tax assessment by the town of West Haven against the plaintiff on personal property, in the form of automobiles, owned by the plaintiff and stored in West Haven during the year September 1, 1954, to August 31, 1955. One appeal, under what is now § 12-118 of the 1958 Revision, is from the refusal of the board of tax review to reduce the valuation of the property; the other, under § 12-119, claims that the plaintiff is entitled to a reduction in the assessment because it was manifestly excessive and made in disregard of the statutory provisions governing the valuation of personal property. The latter appeal was dismissed by the trial court on the ground that the plaintiff failed to prove the essentials required for relief under § 12-119. The remedy given by this statute is not alternative to an appeal to the board of tax review and from it to the courts under § 12-118. *Cohn v. Hartford,* 130 Conn. 699, 702, 37 A.2d 237. The record fails to disclose any basis for a claim for relief on any ground other than that there was an overvaluation of the plaintiff's property by the assessors. The remedy for that is an appeal to the board of tax review. Rev. 1958, §§ 12-111, 12-113. The dismissal of the second case was proper.

The appeal under § 12-118 questions the correct-

ness of an assessment wherein the average number of automobiles kept in West Haven by the plaintiff during the tax year was determined to be 225. The total assessment was $315,000, computed on a valuation of $1400 per automobile. This $1400 valuation is not questioned. The dispute relates to the number of automobiles the assessors determined the plaintiff had on hand during the year. The facts, with such corrections in the finding as are warranted, are as follows: The plaintiff is engaged in the business of selling automobiles and has its principal location in New Haven. It maintained two locations in West Haven for storage of automobiles. An assessment list for September 1, 1955, was signed and filed for the plaintiff by an attorney who was duly authorized but who had no knowledge of the number of automobiles the plaintiff had on hand. He was not instructed to insert any figures on the list, and he inserted none. The plaintiff did not provide the assessors with any information concerning the number or valuation of the automobiles it had on hand during the year. The chief assessor of the town had occasion to pass the plaintiff's storage locations daily, and most of the time he observed them to be fully occupied by new automobiles. On four separate occasions in 1955, the assessors made a physical count of the automobiles stored by the plaintiff in West Haven, and found 237 on March 23, 235 on June 10, 225 on August 17, and 217 on August 31. The plaintiff was assessed $315,000 upon the basis of an average of 225 automobiles on hand during the year. Included in the records maintained by the plaintiff in the operation of its business are monthly statements showing the automobiles on hand at the end of each month. These statements are used by the plaintiff as a basis for its federal tax returns. A

summary of them for the year in question showed a monthly average of 155 automobiles on hand, including new automobiles in the plaintiff's place of business in New Haven. During each month, in the course of its business, the plaintiff buys and sells automobiles.

The statute requires that the assessment shall be made upon the average amount of goods kept on hand during the year. Rev. 1958, § 12-58. The position of the plaintiff is that as a matter of standard accounting practice the acceptable method of determining the average amount of goods on hand is to total the figures for the goods on hand at the end of each of the twelve months and divide by twelve. By this method, the average number of new automobiles kept on hand by the plaintiff in both West Haven and New Haven was, on the basis of its monthly statements, 155. This method does not purport to furnish a record of the number of automobiles received by the plaintiff during the course of each month and sold or otherwise disposed of before the last day of the month. As an illustration, the automobiles actually counted by the assessors on June 10 in West Haven alone numbered 235; according to the monthly statement of the plaintiff, it had on hand at the end of June, both in West Haven and New Haven, a total of 110 automobiles. The assessors' count on March 23 showed 237 automobiles in West Haven alone; the plaintiff's monthly statement recorded a total, at the end of March, of 200 for both West Haven and New Haven. The statements prepared by the plaintiff showing the number of automobiles it had on hand on the last day of each month may be proper as a basis for the determination of profits or for other accounting purposes, and thus for the determination of federal

taxes, but they do not constitute the only relevant or material information upon the basis of which the assessors may properly compute and determine the average amount of goods kept on hand by the plaintiff during the year, as required by the statute. *Jackson* v. *Union,* 82 Conn. 266, 271, 73 A. 773.

It is the duty of each taxpayer, as a personal obligation, to file with the assessors a list of his taxable property and furnish the facts upon which valuations may be based. *West Haven* v. *Aimes,* 123 Conn. 543, 546, 196 A. 774; *Pitt* v. *Stamford,* 117 Conn. 388, 393, 167 A. 919. If he fails to do so, the assessors are only required to act upon "the best information [they] can obtain"; Rev. 1958, § 12-53; *Hartford* v. *Champion,* 54 Conn. 436, 439, 7 A. 721; and the taxpayer cannot justly complain if the assessors, acting in good faith, make an error in judgment in listing and valuing his property. *Ponemah Mills* v. *Lisbon,* 89 Conn. 435, 438, 94 A. 919. The plaintiff failed to file the list required by law showing the average number of automobiles it had on hand in West Haven during the year. The assessors set the plaintiff's assessment on the basis of actual counts of the automobiles of the plaintiff physically located in West Haven on the days the counts were made, supplemented by daily observations of the chief assessor indicating that the plaintiff's storage locations were, as a rule, fully occupied. In effect, the assessment was based on a daily observation of the number of automobiles the plaintiff had in West Haven during the year. The trial court was not in error in ruling that the plaintiff had failed to sustain the burden of proof which rested upon it. *Thaw* v. *Fairfield,* 132 Conn. 173, 179, 43 A.2d 65.

There is no error in either case.

In this opinion the other judges concurred.