CURLY CONSTRUCTION COMPANY, INC. *v.* TOWN
OF DARIEN
(two cases)

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued March 2—decided April 28, 1960

*E. Gaynor Brennan,* with whom, on the brief,
were *Melvin M. Dichter* and *E. Gaynor Brennan,
Jr.,* for the appellant (plaintiff).

*Robert T. Gilhuly,* with whom, on the brief, was
*George F. Lowman,* for the appellee (defendant).

MURPHY, J. The plaintiff, a New York corpora-
tion, maintains its headquarters and principal place
of business in New Jersey. In 1956 and 1957, it
was engaged as a subcontractor in construction

work in Darien and Stamford on the Connecticut turnpike. It set up a field office in Darien for this job and utilized bulldozers, trucks, graders and other pieces of mobile road building equipment in performing its contract. During this same period of time, it was also engaged in four other jobs of the same nature, two in New York state and one each in New Jersey and Massachusetts. The equipment was moved back and forth from one job to another as needed, or to the home office. The tax assessor in Darien observed the equipment on the job about once each week and requested the plaintiff to file a tax list each year on the assessment date, the first of October. The plaintiff refused, claiming that the movable equipment had not acquired a tax situs in this state. Under what is now General Statutes § 12-53, the assessor filled out a list of the property which he had reason to believe was owned by the plaintiff and liable to taxation in Darien. The plaintiff refused to pay the taxes levied as of October 1, 1956, and October 1, 1957, on the property so listed. With respect to each assessment, it applied to the Court of Common Pleas for relief from a wrongful assessment. § 12-119. The cases were tried together. Judgment was rendered for the defendant on each complaint. The plaintiff has appealed.

In 1956, after the plaintiff had refused to file a tax list, the assessor obtained information concerning the equipment and its value from conditional bills of sale and rental contracts on file in the town clerk's office in Darien. General Statutes § 42-77 required the filing of the conditional bills of sale, if not of the rental contracts, in the town where the vendee resided. After the plaintiff had refused to file a list in 1957, the assessor subpoenaed its presi-

dent for the purpose of obtaining information, under § 12-53, concerning the plaintiff's property then subject to taxation in Darien. He refused to furnish the information, persisting in his claim that the equipment was not taxable in Darien. Thereupon the assessor listed the equipment on the 1957 list at the same valuation at which it had been listed in 1956.

The plaintiff seems to have acted throughout as though the burden was upon the defendant to establish that the equipment was taxable in Darien. Such is not the case. Every owner of taxable property, whether an individual or a corporation, is required by law to file a list of that property with the assessor on the first day of October in each year, General Statutes §§ 12-40, 12-59; *Associated Grocers, Inc.* v. *New Haven,* 147 Conn. 287, 290, 160 A.2d 489. Where he neglects to do so, the assessor can file a list for him and set a valuation thereon from the best information available. § 12-53; *Cooley Chevrolet Co.* v. *West Haven,* 146 Conn. 165, 169, 148 A.2d 327, and cases cited. That was the case here. When the assessor, from his observation of the equipment within the town, believed it to be taxable, he called upon the plaintiff to file a list, and when it refused to do so, he filed one for it from the information he obtained from documents on file in the town clerk's office. In these actions, under § 12-119, the plaintiff had the burden of proving that "a tax has been laid on property not taxable in the town . . . in whose tax list . . . [the] property was set." *E. Ingraham Co.* v. *Bristol,* 146 Conn. 403, 410, 151 A.2d 700; see also *Thaw* v. *Fairfield,* 132 Conn. 173, 179, 43 A.2d 65; *Barrett's Appeal,* 75 Conn. 280, 281, 53 A. 591. The trial court concluded that the plaintiff had failed to sustain its burden of

proof. Especially in the absence of evidence that this equipment had been listed for taxation by the plaintiff at its home office or other place of business or that the equipment was taxed in any other jurisdiction in 1956 or 1957, and a finding based thereon, the conclusion is unassailable. In our view, this disposes of these cases and makes it unnecessary for us to pass upon the other questions raised by the plaintiff.

There is no error.

In this opinion the other judges concurred.