[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above matter, referred to the undersigned, is an appeal from the North Branford Board of Tax Review.
The defendant claims, in his revised application, that the defendant Town of North Branford's Assessor unlawfully assessed a penalty on the plaintiff's late filing of his assessment list, for certain personal property owned by him, in the Assessor's office.
The plaintiff alleges in his complaint (Par. 1), that on October 1, 1989, he was the owner of personal property; and that "[o]n or about November 3, 1990" (emphasis added) "he duly brought a written list of his taxable personal property to the Assessors as required by law."
Because the list was not filed on or before November 1, 1989, the defendant's Assessor added a twenty-five percent penalty in the amount of $3,348.00, making a total assessment for the personal property involved of $16,738.00.
The parties have submitted legal memoranda on the issue presented as to the legality of the penalty imposed. On page 3 of his Memorandum, the applicant admits that the filing of his assessment list was "three days late" — but he, nonetheless, maintains ". . .that he filed said list as required by law." He first quotes the applicable portion of 12-42, which states specifically that the list must be filed "on or before the first day of November annually." But he then recites the additional language that, "[i]f he fails to file such list, the assessors shall fill out a list for him, putting therein all property which they have reason to believe is owned by him, liable to taxation, at the percentage of its actual valuation, as determined by the assessors in accordance with the provisions of Sections 12-64 and12-71, from the best information they can obtain, and add thereto twenty-five percent of such assessment."
Plaintiff then argues that "In order to impose a penalty CT Page 2955 assessment there are two material facts that must be established by the Assessors, namely, (1) The resident must have failed to file and (2) the Assessors shall have filled out a list for the resident of all property liable for taxation from the best information available." (underlining in original). And he further contends that because the Assessor, admittedly, copied the list supplied by the applicant to make out the official assessment list for the subject personal property, he has thereby complied with the requirements of 12-42, even though filed after the November 1st deadline.
The plaintiff-applicant further claims that, because the Assessor "did not fill out the list" for him (the property owner) as the statute recites, therefore, the applicant is not liable to the imposition of the penalty. The questions posed by the applicant are two-fold: (1) Can the assessment penalty authorized by 12-42 of the state statutes be imposed on a taxpayer who is three days late in filing its property list: or (2) Can the penalty be assessed only on a taxpayer who fails to file such list?" The nub of the plaintiff's claim is that the penalty provision is not applicable because it "does not apply to a late filer but only to the taxpayer who fails to file a list."
The applicant's Memorandum also refers to the fact that over a hundred years have elapsed "since the initial enactment of the law upon which the current statute is derived. . ."; and that the State legislature has had ample opportunity to express any intent other than that explicitly stated in the current statute.
The plaintiff is correct in observing that this statute has had a long life, but he fails to mention, however, that in 1987, by the enactment of P.A. 87-245, 2, effective October 1, 1987, the ten percent penalty, which had been in effect at least since 1902 (General Statutes, 1902, 2303), was changed to the present twenty-five percent penalty for failure to comply with its provisions.
The plaintiff also correctly contends that the use of the word "shall", in the text of 12-42, as amended in 1987, must be interpreted as mandatory, and imposes a positive duty upon the owner filing the assessment list. The word "shall" appears first in the second line of 12-42, requiring that the assessment list must be given to the Assessor's office before the first day of November annually.
The defendant town argues, in its Memorandum of Law, that there is "[a]n obvious legislative purpose in compelling such Taxpayers to file by the deadline to enable the Assessor to carry out his responsibility of determining the amount of taxes owed to the town by a date certain." CT Page 2956
It is in the third sentence of 12-42 (1987) that the mandatory "shall" again appears and provides that "[i]f he fails to file such list, the assessors shall fill out a list for him, putting therein all property which they have reason to believe is owned by him, liable to taxation, at the percentage of its actual valuation, as determined by the assessors in accordance with the provisions of sections 12-64 and 12-71, from the best information they can obtain, and add thereto twenty-five per cent of such assessment and in such list they shall make a separate description and assessment of each parcel of real estate."
The plaintiff's Memorandum of Law of July 18, 1990 (filed in connection with the defendant's Motion for Summary Judgment — denied on the basis that a fact issue was involved), alleges that the defendant in its Memorandum in support of its Summary Judgment motion, admitted, page 4 thereof, that 12-42 authorizes a penalty only for failing to file a list. The plaintiff alludes to the fact that the defendant in that Memorandum was referring to the decision in Northeast Datacom v. City of Wallingford, 212 Conn. 639.
But a reading of the Northeast Datacom decision, supra, does not support his contention. The only issue involved in the Northeast Datacom case was whether certain computer "software" of the plaintiff, which was not set out in the assessment list filed by it, was required to be listed as a "tangible personal property." The decision held, page 143, that the applicable statute, 1745 as amended in 1953, restricted the taxation of personal property to "vessels. . .goods, chattels or effects, or any interest therein." And it therefore held, page 644, that after the republication of 1745, as amended in 1953, "the legislature intended that General Statutes 12-71 was thereafter to apply only to tangible personal property." The decision was clear in its holding that Northeast Datacom's software could not be considered tangible personal property and, therefore, it was not required to be listed as taxable property.
In the Northeast Datacom case there was no issue of a late filing, but only that of a failure to file. (emphasis added). Although Datacom, at the very end of the lengthy decision, page 651, does state that "General Statutes Sec. 12-42 authorizes a penalty only for failing to file a list", the quoted language was clearly dicta — since it did not concern a late filing. (emphasis added).
The plaintiff seeks to support his position also on the claim that the North Branford Assessor did not fill out a list for the plaintiff, but simply filed the late-filed list given in by the plaintiff. He argues that, by the use of the word "shall" fill CT Page 2957 out a list for the tax payer, the Assessor had the positive duty to physically prepare and fill out such a list, "putting therein all property they have reason to believe is owned by him, liable to taxation."
But 12-42 is clear that only in the event the plaintiff "fails to file said list," this duty of the Assessor would come into play.
The plaintiff in his brief, page 6, makes reference to several other statutes which he claims "illustrate the preciseness of the legislature's intent" in enacting the statute. But, even admitting that the legislature could have been more precise in spelling out its intent, relative to a late filing, this does not require a holding that 12-42 was not precise enough, and does not make it clear that a filing subsequent to November 1st of each tax year would constitute a "late filing." The twenty-five percent penalty may be harsh, but the legislature apparently in 1987 concluded that it was necessary to change the penalty percentage from ten percent to twenty-five percent.
It may be noted further that the "assessment date," by state statute, is uniformly October 1st of each year, but the "filing date," is one month later, November 1st. A property owner, therefore, has a thirty day leeway from October 1st to November 1st, to comply with 12-42.
The conclusion appears unassailable that 12-42 authorizes the Assessor to assess a penalty for two entirely different possible failures of the property owner to comply with the statutory requirements of 12-42. The first clearly addresses the requirement to file his list of assessable property not later than November 1st of each year. The second, and separate requirement, is that the property owner must file a list of his taxable property: and upon his failure to do so the Assessor "can file a list for him and set a valuation therein from the best information available." See Curly Construction Co. v. Darien, 147 Conn. 308,311.
The defendant filed a form made available by the Assessor's office of the Town of North Branford, bearing the caption at the top of the form, "Personal Property Supplemental Report as of October 1, 1989. Must be filed before November 1st to avoid penalty." (emphasis added).
The guidelines of statutory construction have been delineated in a plethora of decisions by Connecticut courts. And it is true that "[m]unicipalities have no powers of taxation other than those specifically given by statute, and strict compliance with the statutory provision is a condition precedent to the imposition of CT Page 2958 a valid tax." Empire Estates, Inc. v. Stamford, 147 Conn. 262,264 (1960). As pointed out in Shelby Mutual Ins. Co. v. Della Ghelfa, 3 Conn. App. 432, at p. 437 —
 "The objective of statutory construction is to give effect to the intended purpose of the legislature." State v. Delafose, 185 Conn. 517, 521, 441 A.2d 158 (1981).
In the instant situation the undersigned concludes that the language of 12-42 is amply clear and without ambiguity. Therefore, its statutory language "should not be read to arrive at an `ambiguous or unreasonable result,' to defeat a legislative intent which becomes evident when the statute is read in the light of its history and purpose."
Moreover, as Shelby Mutual Ins. Co., supra, p. 438, continues to point out,
 "[s]tatutes should be considered as a whole, reconciling their separate parts so that a reasonable overall interpretation is achieved. Dukes v. Durante, 192 Conn. 207, 214, 471 A.2d 1368 (1984). Furthermore, the meaning of a particular phrase in a statute is to be determined by reference to the use of that phrase in other parts of the same statute. Doe v. Institute of Living, Inc., 175 Conn. 49, 57, 392 A.2d 491 (1978); Sutherland, Statutory Construction (4th Ed.) 46.05. A meaning should not be ascribed to it which would render the meaning of those other uses difficult or bizarre; cases cited; and it must be construed with common sense. State v. Privitera, 1 Conn. App. 709, 721, 476 A.2d 605 (1984)."
The plaintiff seeks to circumvent the clear provision of 12-42, that a penalty must be imposed by the Assessor if either of the two provisions of 12-42 are not complied with.
For over 100 years 12-42 has been in effect to govern the filing of assessment lists by property owners by November 1st of each year. And the failure to do so created a penalty imposed on the property owner of ten percent up to 1987, when the ten percent penalty was increased to twenty-five percent.
The plaintiff's argument that the defendant Assessor did not fill out the list but simply adopted the plaintiff's late-filed list, is a specious one. CT Page 2959
The undersigned, therefore, finds that the plaintiff has failed to sustain his burden of proof to show that he did comply with the 12-42 requirement as to the time of filing the list and that, therefore, the Assessor should not have added the penalty of twenty-five percent.
Judgment is accordingly entered in favor of the defendant.
A. FREDERICK MIGNONE STATE TRIAL REFEREE