[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Board of Tax Review of the City of Hartford with respect to the assessment of two computer systems owned by plaintiff, IBM, for tax years 1989 and 1990. The assessment for System 3084Q is challenged for the 1989 list and, System 3083B, for both the 1989 and 1990 lists.
For each of the tax years in question, the plaintiff submitted to the assessor of the City of Hartford a list of personal property then owned by the plaintiff and kept in the City as required by 12-43 of the Conn. Gen. Statutes. In doing so, the plaintiff used the form which had been provided by the assessor's office as required by C.G.S. 12-43. The form provided for a listing of the acquisition cost and contained a depreciation schedule for computer equipment, 5% the first year, 20% the second year, etc. wherein the assessor can determine the present and actual value of the property for assessment purposes. According to C.G.S.12-63: "The present true and actual value of all other property shall be deemed by all assessors and boards of tax review to be the fair market value . . ." Connecticut Savings Bank of New Haven v. New Haven, 131 Conn. 575, 581,41 A.2d 765 (1945). Fair market value means the price or value of the article established or shown by sale, public or private, in the way of ordinary business. Id. at 582. The value at which property is to be assessed is its value at the time of the assessment. Portland Silk Co. v. Middletown, 125 Conn. 172,175, 4 A.2d 422 (1939). There is no requirement that the value of all taxable property must be fixed by the same method. Burritt Mutual v. Savings Bank of New Britain,146 Conn. 669, 674, 154 A.2d 608 (1955); Sibley v. Middlefield,143 Conn. 100, 106, 120 A.2d 77 (1956).
Based on the information submitted by the plaintiff, the assessor determined the value of both systems on October 1, 1989 to be $2,352,480 and assessed them at 70%, as required by C.G.S. 12-62a, or $1,646,740. On October 1, 1990, System 3083B was valued at $1,901,330 and assessed at 70% or $1,330,932.
The plaintiff claims that the assessments complained CT Page 7161 of were grossly excessive, disproportionate and unlawful as they did not reflect the true and actual value as required by C.G.S. 12-63. The plaintiff appealed to the Board of Tax Review pursuant to C.G.S. 12-111 from whose decision this appeal was taken pursuant to C.G.S. 12-118 which permits appeal by any person claiming to be aggrieved by the action of a board of tax review in any town or city. Xerox Co. v. Board of Tax Review v. City of Hartford, 175 Conn. 301, 303,397 A.2d 1364 (1978).
The plaintiff claims that, as a result or utilizing the assessor's form and depreciation schedule, it was prevented from presenting additional evidence of fair market value at the time of the assessment. The plaintiff's argument fails, however, because there is no statutory basis which precludes the introduction of such evidence at the time of the assessment. The general rule is that the burden as to furnishing facts to the assessor upon which valuation for taking purposes is to be based is upon the property owner. Pitt v. City of Stamford, 117 Conn. 388, 393, 167 A. 919
(1933); Northeast Datacom Inc. v. Wallingford, 212 Conn. 639
(1989); Cooley Chevrolet Co. v. West Haven, 146 Conn. 165,169, 148 A.2d 327 (1959). "If he fails to do so the assessors are only required to act upon the best information they can obtain," Northeast Datacom Inc. v. Wallingford, at 649; Cooley Chevrolet v. West Haven, at 169; see C.G.S. 12-42.
"[T]he taxpayer cannot justly complain if the assessors, acting in good faith, make an error in judgment in listing and valuing his property." Northeast Datacom Inc. v. Wallingford at 649; Cooley Chevrolet v. West Haven, at 169; Ponemah Mills v. Lisbon, 89 Conn. 435, 438, 94 A. 919 (1915). Additionally, the form, which was signed by an agent of the plaintiff, contained a caveat which provided that ". . . such property has been reasonably described and its value fairly represented . . ." Defendant's Exhibit 2.
By implication, the caveat inquires as to any additional information necessary to arrive at the true and actual value of the property.
The plaintiff submitted the list of property and utilized the depreciation schedule contained on the form for both of the years in question. The plaintiff did so knowing that the values represented might be excessive or disproportionate. For policy reasons, the law provides assessors with some discretion in valuing property in the absence of information provided by the applicant. See, Burritt Mutual Savings Bank v. New Britain, at 674. Therefore, by implication, the same discretion must be CT Page 7162 accorded when the plaintiff provides the assessor with such information. Unless assessors' actions are discriminatory or so unreasonable that the property is substantially over-valued, resulting in injustice and illegality, their opinion and judgment should control in the determination of value for tax purposes. Id.
In an appeal from a Board of Tax Review, the burden is on the plaintiff to establish that he is aggrieved by the action of the Board in that the tax assessment against plaintiff is unjust and, therefore, illegal. Gorin's Inc. v. Board of Tax Review, 178 Conn. 606, 608, 424 A.2d 202 (1979). Only when the court finds that the action of the Board will result in an unjust and, therefore, illegal tax, can the court proceed to exercise its broad discretionary powers to grant relief as is appropriate. Id.; Sibley v. Middlefield, at 106.
The exercise of the court's discretion would be reviewable only if it were apparent that (the court) misapplied or overlooked, or gave a wrong or improper effect to any test or consideration which it was (its) duty to regard. Xerox Corp v. Board of Tax Review, at 306.
In the present case the plaintiff knowingly submitted values for property assessment potentially in excess of the present fair market value of the property. The plaintiff cannot now claim to be aggrieved by the action of the Board upholding the assessment of those values.
The court, therefore, concludes that the assessed valuation of the computer equipment as determined by the Board of Tax Review of the City of Hartford is appropriate and in accord with applicable law. Accordingly, the plaintiff's appeal is dismissed.
SCHALLER, J.