## IBM CREDIT CORPORATION *v.* BOARD OF TAX REVIEW OF THE CITY OF HARTFORD
### (14672)

PETERS, C. J., NORCOTT, KATZ, PALMER and FOTI, Js.

Argued September 22—decision released November 16, 1993

*Michele C. Lukban,* with whom was *Edwin A. Lassman,* for the appellant (plaintiff).

*Michael C. Collins,* assistant corporation counsel, for the appellee (defendant).

PER CURIAM. The dispositive issue in this appeal is whether a plaintiff taxpayer is precluded from challenging a municipal assessment valuing its property entirely on the basis of uncontradicted figures supplied to the assessor by the taxpayer. We conclude that in this instance, the taxpayer is so precluded, and we therefore affirm the judgment of the trial court.

The facts are not in dispute. The plaintiff, IBM Credit Corporation (IBM), leases computer equipment throughout the United States, including the city of Hartford. Hartford requires lessors, such as IBM, to pay personal property tax on all personal property located in Hartford.

Pursuant to General Statutes § 12-43,[1] nonresident owners of personal property are required to file inven-

[1] General Statutes § 12-43 provides in relevant part: "PROPERTY OF NONRESIDENTS. All owners of real estate, or of tangible personal property located in any town for three months or more during the assessment year

tories of their personal property with the assessor's office of the town in which the property is located. Accordingly, IBM filed an inventory of personal property it owned in 1989 and 1990 with the Hartford assessor's office, using a form provided by the Hartford assessor. That form contains a standard depreciation schedule for personal property that IBM used when listing its property. Relying exclusively on the information provided by IBM, the Hartford assessor determined the value of IBM's personal property located in Hartford for the 1989 and 1990 tax years to be that which had been specified by IBM in its filing.

Subsequently, IBM appealed the assessments of its personal property to the Hartford board of tax review pursuant to General Statutes § 12-111.[2] IBM claimed that the assessments of two computer systems (here-

immediately preceding any assessment day, who are nonresidents of such town, shall file lists of such real estate and personal property with the assessors of the town in which the same is located on such assessment day, if located in such town for three months or more in such year, otherwise, in the town in which such property is located for the three months or more in such year nearest to such assessment day, under the same provisions as apply to residents, and such personal property shall not be liable to taxation in any other town in this state."

[2] General Statutes § 12-111 provides in relevant part: "APPEALS TO BOARD OF TAX REVIEW. . . . [A]ny person . . . claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to such board of tax review, which shall determine all such appeals and report in writing the final determination of such appeals to each such person within one week after such determination has been made. Such board may equalize and adjust the valuations and assessment lists of such town and may increase the items of taxable property in the list of any person, or the number, quantity or amount of any such item, or add to any such list any taxable property or interest therein omitted by the assessors which should be added thereto; and may add to the assessment list the name of any person omitted by the assessors and owning taxable property in such town, and make a list for him, putting therein all property liable to taxation which it has reason to believe is owned by him, at the percentage of its actual valuation, as determined by the assessors in accordance with the provisions of sections 12-64 and 12-71, from the best information that it can obtain . . . ."

after, the "83B" and "84Q") in 1989 and 1990 were excessive. The board of tax review denied IBM's appeal with respect to the valuation of the 83B and 84Q.[3] IBM appealed the decision of the board of tax review to the Superior Court pursuant to General Statutes § 12-117a.[4]

Following an evidentiary hearing, the Superior Court dismissed IBM's appeal and rendered judgment for the board of tax review. IBM appealed from the judgment of the trial court.[5]

IBM claims that the assessor's form (specifically the printed depreciation schedule therein) did not accurately reflect the depreciation of the 83B and 84Q. The trial court did not reach the merits of that claim. The trial court noted that IBM had not been prevented from presenting additional evidence of the fair market value of the 83B and 84Q to the assessor simply because the assessor's office had provided a standard form for that purpose. IBM was not prevented from

[3] The board of tax review did reduce IBM's assessment on the 1989 list to reflect that certain personal property was actually located in Simsbury rather than Hartford.

[4] General Statutes § 12-117a provides in relevant part: "APPEALS FROM DECISIONS OF BOARDS OF TAX REVIEW CONCERNING ASSESSMENT LISTS FOR ASSESSMENT YEARS COMMENCING OCTOBER 1, 1989, TO OCTOBER 1, 1992. Notwithstanding the provisions of sections 12-118, 12-121aa and 12-121bb, any person, including any lessee of real property whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990, October 1, 1991, or October 1, 1992, may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court."

[5] IBM appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

providing a rider or other addendum to the assessor's form to contest or otherwise suggest an alternative depreciation schedule for the 83B and 84Q.

It is well settled that it is the responsibility of the taxpayer to provide the assessor with sufficient facts to value personal property for tax purposes. *Northeast Datacom, Inc.* v. *Wallingford,* 212 Conn. 639, 649, 563 A.2d 688 (1989); *Cooley Chevrolet Co.* v. *West Haven,* 146 Conn. 165, 169, 148 A.2d 327 (1959); *Pitt* v. *Stamford,* 117 Conn. 388, 393, 167 A. 913 (1933). "If [the taxpayer] fails to do so, the assessors are only required to act upon the best information they can obtain . . . and the taxpayer cannot justly complain if the assessors, acting in good faith, make an error in judgment in listing and valuing [its] property." (Citations omitted; internal quotation marks omitted.) *Northeast Datacom, Inc.* v. *Wallingford,* supra.

The trial court reasonably concluded that the action of the board of tax review upholding the disputed assessments was appropriate. We have no grounds for overturning that conclusion.

The judgment is affirmed.