[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on an appeal from the City of Danbury Board of Tax Review. In its amended three count complaint, dated March 20, 1995, the plaintiff asks the court to reduce the defendant's valuation of the plaintiff's property to 70 percent of its true and actual value.
In the first count, the plaintiff alleges that the fair market value of the computer on the List of October 1, 1992 was, in fact, $1,305,000 and should have been assessed at $913,500 rather than $1,385,331, which was the defendant's assessment predicated on a fair market value of $1,979,044.
In the second count, the plaintiff alleges that the fair market value of the computer on the List of October 1, 1993 was, in fact, $600,000 and should have been assessed at $420,000 rather than $1,039,000, which was the defendant's assessment predicated on a fair market value of $1,484,283.
In the third count, the plaintiff alleges that the fair market value of the computer List of October 1, 1994 was, in fact, $270,000 and should have been assessed at $189,000 rather than $865,831.75, which was the defendant's assessment predicated on a fair market value of $1,236,902.50 CT Page 9581
The Board of Tax Review did not reduce the valuation of the computer for three years in question and the plaintiff filed the present appeal.
At trial, the court was presented with evidence wherein it could conclude and find that the submission of the list of personal property by the plaintiff to the defendant for October 1, 1994 included a letter that a publication was utilized to determine value. The prior two years contained no such letter with a valuation submission.
In its testimony, the defendant presented evidence that it used the cost approach in determining its valuation and applied a depreciation schedule specific to the type of equipment which is the subject of this appeal.
The assessor of the City of Danbury further testified that the approach as to valuation is consistent with that used throughout the State of Connecticut.
The information given to the assessor by the plaintiff and the evidence presented at trial indicates to the court that the plaintiff relied heavily on the Computer Price Watch publication in its valuation of the equipment.
At the conclusion of the trial, the court set a scheduling order for the submission of post trial briefs. The defendant complied with the order, the plaintiff did not. The court, therefore, has only the benefit of the defendant's post trial brief.
Based on the information supplied to it, the defendant determined the assessment in accordance with those methods traditionally utilized by assessors in the State of Connecticut.
It is well settled that it is the responsibility of the taxpayer to provide the assessor with sufficient facts to value personal property for tax purposes. Northeast Datacom, Inc. v.Wallingford, 212 Conn. 639, 649 (1989); Cooley Chevrolet Co. v.West Haven, 146 Conn. 165, 169 (1959).
If the taxpayer fails to supply sufficient information then the assessor is only required to act upon the best information he or she can obtain. For policy reasons, the law provides assessors CT Page 9582 with discretion in valuing property in the absence of information provided by the taxpayer. See Burritt Mutual Savings Bank v. NewBritain, 146 Conn. 669, 674 (1959).
In an appeal from a Board of Tax Appeal, the burden is upon the plaintiff to establish aggrievement as a result of the action by the Board in that such assessment is unjust and therefore illegal. Only if the court finds that the action of the Board will result in an unjust end and, therefore, illegal tax, can the court proceed to exercise its broad discretion powers to grant relief as is appropriate.
The court concludes that the valuation by the assessor and subsequent confirmation by the Board of Tax Review is appropriate, and in accord with applicable law.
Accordingly, the appeal is dismissed.
Mihalakos, J.