[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff appeals from the decision of the defendant Lebanon Zoning Board of Appeals (hereinafter referred to as "ZBA"), upholding the issuance of a cease and desist order by the defendant Raymond Andrews, the Lebanon zoning enforcement officer (hereinafter referred to as "Andrews") against the plaintiff.
The plaintiff owns a 38-acre horse farm on Route 207 in Lebanon (subject property), with a house, several barns and animal shelters located thereon. The plaintiff hired a full-time employee to work on the farm and located a mobile home on the subject property after July 25, 1988, to serve as a residence for the employee. The mobile home is hooked up to a septic system, electricity and a water supply.
Andrews determined that the mobile home on the subject property constituted a second dwelling on one lot and was, therefore, in violation of Regulation 5.1 which provided, inter alia, that within the Town of Lebanon, only one dwelling shall be erected or installed on one lot.
On April 25, 1989, Andrews issued a cease and desist order to the plaintiff, ordering him to cease and desist his violations of Sections 5.1.b.1 and 8.1.a of the Lebanon Zoning Regulations (hereinafter referred to as "regulations"). (Return of Record Exhibit A) (hereinafter referred to as "ROR"). Section 5.1.b.1 regulated the number of dwellings permitted on a lot and Section 8.1.a regulated the use of trailers.
The plaintiff appealed such order by application CT Page 108 dated May 3, 1989, (ROR Exhibits B, C and D), claiming that he has a right to locate a mobile home on his property as housing for farm help pursuant to section 8.2 of the Lebanon Zoning Regulations. (ROR Exhibit E). On June 15, 1989, a public hearing was held on the application. Thereafter, the ZBA agreed with Andrews and denied plaintiff's appeal by order dated June 22, 1989 (ROR Exhibit J). This order was published in the Willimantic Chronicle on June 22, 1989, and was to become effective July 7, 1989. Id.
The plaintiff appeals from the order of the ZBA, within the statutory period, claiming that he is aggrieved by such order and that the ZBA acted illegally, arbitrarily and in abuse of its discretion in determining that the mobile home placed by the plaintiff on the subject property was in violation of section 5.1.b.1 of the regulations which permits only one dwelling on a lot.
Plaintiff is the owner of the subject property (Plaintiff's Exhibit 1) and is therefore aggrieved by the ZBA's decision. Connecticut General Statutes Section 8-8.
In this matter, the Court's function is to determine whether the zoning board correctly interpreted the regulation of the Town of Lebanon and applied them with reasonable discretion to the facts. Schwartz v. Planning and Zoning Commission, 208 Conn. 146, 152 (1988). The burden of proof is on the plaintiff to prove that the board acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988).
 I.
The plaintiff asserts numerous arguments in support of his position. First, the plaintiff argues that the subject mobile home is a "permitted accessory use pursuant to section 4.2.a.(16) of the regulations."
Section 4.2.a.(16) of the regulations lists "accessory buildings and uses" as a permitted use in a rural agricultural residence district. "Accessory Building or Use" is defined in regulations section 2.2 as: "A building or use subordinate to and on the same lot with a principal building or use."
In its decision on plaintiff's application, the Zoning Board of Appeals held that, "A second dwelling on a lot, whether mobile home or other type of construction, cannot be permitted as an accessory use building because, by definition, accessory use buildings do not include provisions for human habitation." (ROR Exhibit J). CT Page 109
It is within the defendant ZBA's liberal discretion to determine whether a particular use is subordinate to the principal use on a lot. The defendant ZBA's determination that a use involving human habitation cannot be subordinate to another use involving human habitation is not, as a matter of law, unreasonable or arbitrary.
 II.
The plaintiff next argues that he has the right to provide housing for farm help pursuant to section 8.2 of the regulations.
Article VIII of the regulations is entitled "Special Regulations" and contains nine sections, each concerning a special use or requirement involving a variety of special regulations. Section 8.2 of said article entitled, "Housing for Farm and Domestic Help," was deleted effective July 25, 1988.
Although the plaintiff admits that he located the subject mobile home on his property after July 25, 1988 (ROR Exhibit M, page 8), he argues that because the heading of the section was retained, and only the former provisions concerning the requirements for obtaining a special exception permit were deleted, the effect of the amendment to section 8.2 was to render housing for farm help permissible with no restrictions. The ZBA argues that by deleting all of the subsections of section 8.2, the entire section was deleted, and that the title was retained only to enable a person checking the regulations to determine what the repealed section had contained.
Regardless of what the intent of the planning and zoning was in retaining the heading of the section, the regulations do not support the plaintiff's argument that housing for farm help is an unrestricted, permitted use of property in the Town of Lebanon. The absence of any such special regulations in section 8.2 renders the section a nullity. Article IV consists of a list of permitted uses in a rural-agricultural residence district, and "housing for farm help" is not a category enumerated therein. Zoning regulations "must be construed as a whole and in such a manner as to reconcile all their provisions so far as possible." Connecticut Sand Stone Corporation v. Zoning Board of Appeals, 150 Conn. 439, 441 (1963).
The Lebanon zoning regulations do not recognize "housing for farm help" as a distinct permitted use, and do not provide special regulations excepting "housing for farm CT Page 110 help" from the full application of the regulations. Consequently, the defendant ZBA was not obligated to permit the plaintiff to maintain the subject mobile home without subjecting it to the requirements of the zoning regulations.
 III.
Plaintiff finally argues that since a mobile home is not a building, it cannot be a dwelling under the regulations; that since plaintiff's mobile home does not satisfy the definition of a "dwelling" as defined in the Lebanon Zoning Regulations, placement of the mobile home on plaintiff's lot could not be a violation of Section 5.1b(1) of those zoning regulations. Said section provides, inter alia,
 b. (that) within the Town of Lebanon any buildings constructed or altered for use as a dwelling shall conform to the following provisions:
 (1) Only one dwelling shall be erected or installed on one lot.
The cease and desist order issued to the plaintiff by Andrews found that the plaintiff was violating two zoning regulations: section 5.1.b.1 (the one dwelling per lot regulations) and section 8.1.a (regulations concerning prohibited uses of trailers). However, the decision of the ZBA to plaintiff's appeal from the cease and desist order states that:
 Section 5.1 a.1 (sic) of the Zoning Regulations clearly states that only one dwelling shall be erected on a lot. A second dwelling on a lot, whether mobile home or other type of construction, cannot be permitted as an accessory use building because, by definition, accessory use buildings do not include provisions for human habitation.
(ROR Exhibit J.)[1]
In interpreting the language of zoning regulations, the court's function is to determine the expressed legislative intent of the planning and zoning commission which enacted the regulations. Id. Schwab v. Zoning Board of Appeals, 154 Conn. 479,482 (1967).
When the zoning authority has stated the reasons for CT Page 111 its action, the reviewing court must determine if the reasons given are reasonably supported by the record. Beit Havurah v. Zoning Board of Appeals, 177 Conn. 440, 445 (1979). The court is not at liberty to probe beyond the stated reasons. DeMaria v. Planning Zoning Commission, 159 Conn. 534, 541 (1970). Therefore, this Court must determine if the record reasonably supports the ZBA's decision.
Neither party disputes that the subject property constitutes one lot, and that the mobile home is used for human occupancy. However, there is disagreement as to whether said mobile home constitutes a dwelling within the Lebanon Zoning Regulations.
The Court must determine whether the record reasonably supports the conclusions that the subject mobile home is a "dwelling," as that term is defined by the Lebanon regulations.
Section 2.2 of the regulations defines "dwelling" as "a building or a portion thereof used for human habitation;" and "building" as "an independent structure having a roof supported by walls or columns and resting on its own foundation. It includes sheds, garages, stables, etc., but does not include trailers." "Trailer, trailer coach and mobile home" are defined as:
 Any vehicle which is used as sleeping or living quarters or mobile construction office which is or may be mounted on wheels and is or may be propelled either by its own power or by another power driven vehicle to which it may be attached or on which it may be carried or transported.
"Structure" is defined, inter alia, as anything attached to something having a location on the ground.
It is important to note that in the definition of "building," although trailers were specifically excluded, mobile homes were not. Further, although trailers, trailer coaches and mobile homes may have many similar characteristics, they are different types of vehicles and may serve different functions. Therefore, it is not unreasonable for a mobile home to be considered a building within the meaning of the Lebanon Zoning Regulations.
Certainly, if a mobile home is attached in any way to something having a location on the ground, it would fall CT Page 112 within the definition of a structure which would then be a building within the Lebanon Zoning Regulations. The photographs of the subject mobile homes (Exhibit L), the fact that said mobile home is connected to the septic system; that it is attached to the water supply and electricity, that it may be resting on a foundation, indicate that this mobile home could be a building within the Lebanon Zoning Regulations.
The intent of the Lebanon Land Records Section 5.1b 1) is to permit only one dwelling for human occupancy per lot. There is no question that plaintiff's intent was to use the mobile home for that purpose.
The ZBA conclusion that the mobile home as a dwelling and that such use violated Section 5.1b 1) was not arbitrary, illegal and unreasonable.
 IV.
This Court does not address the issue of whether plaintiff violated section 8.1.a of the Lebanon regulations as the ZBA acknowledged that said section did not apply in this matter. Also, this Court does not address the issue of bias on the part of a member of the Commission as that claim was abandoned.
 V.
For reasons stated, plaintiff's appeal is denied.
VASINGTON, J.